BALDWIN et ux. v. BALDWIN et al.
(No. 8076.)

(Court of Civil Appeals of Texas. Galveston. May 11, 1921. Rehearing Denied June 16, 1921.)

1. **Pleading ⬤⇒111—Court held warranted in finding that conveyance of undivided interest was to confer jurisdiction of partition suit.**

In a suit to partition land in Hill county, brought in Harris county three days after the recording by plaintiffs of a deed conveying an undivided interest to a relative residing in Harris county, who was made a defendant, the court *held* warranted in finding, on the trial of a plea of privilege filed by the defendant in possession, that the deed was executed in a fraudulent attempt to confer jurisdiction on the district court of Harris county.

2. **Appeal and error ⬤⇒1024(3)—Question whether conveyance was made in good faith or to confer jurisdiction is question for trial court.**

Under a plea of privilege in a partition suit, the question whether plaintiffs, shortly before the action was brought, executed a deed conveying an undivided interest to a relative in the county in which the suit was brought, in good faith, for the purpose of making him the owner thereof, or for the purpose only of conferring jurisdiction, was a question for the court trying the case.

3. **Appeal and error ⬤⇒1071(5)—Findings and conclusions not pertinent or material not ground for reversal.**

Findings and conclusions of the trial court, not pertinent to the issue being tried under a plea of privilege, present no case for a reversal of the judgment rendered on sufficient evidence.

4. **Pleading ⬤⇒111—On plea of privilege in partition suit court held to have properly heard evidence of all circumstances relating to property.**

Where plaintiffs conveyed land to L., who conveyed to T., each conveyance reserving a vendor's lien, and plaintiff subsequently conveyed an undivided interest to a relative and brought suit in the county of his residence for partition, in which T. filed a plea of privilege, alleging that the conveyance to the resident of such county was for the fraudulent purpose of conferring jurisdiction, and that the suit was not brought in good faith but to enable L. to relitigate the question previously litigated as

to whether her conveyance was intended as a mortgage, the court properly received and considered evidence of the various facts and circumstances relating to the title together with those relating to the prior litigation and the connection of the parties to the pending suit therewith, on the question of fraud.

5. **Pleading ⬤⇒111—Defendant's privilege to be determined from facts, and not from form of pleadings.**

Defendant's right to be sued in the county of his domicile is to be determined from the facts of the particular case, and not from the form of plaintiff's pleadings.

Appeal from District Court, Harris County; Ewing Boyd, Judge.

Action by Jacob C. Baldwin and wife against W. L. Baldwin and others. From a judgment sustaining a plea of privilege of the defendant J. T. Trull, plaintiffs appeal. Affirmed.

Baldwin & Baldwin, of Houston, for appellants.

Dupree & Crenshaw, of Hillsboro, and Garrison, Pollard, Morris & Berry, of Houston, for appellees.

LANE, J. For an understanding of the nature of the case and result of the trial we deem it advisable to make the following statement:

Mrs. A. T. Lomax, a resident of Hill county, Tex., was the owner of lot 14, block 4, in the city of Hillsboro, in said Hill county, together with all improvements thereon. On the 16th day of July, 1908, Mrs. A. T. Lomax, for a cash consideration of $2,075, conveyed to her sister, Mrs. Hattie O. Baldwin, wife of appellant J. C. Baldwin, a one-half undivided interest in said lot 14, block 4.

On the 26th day of March, 1914, Mrs. Hattie O. Baldwin, joined by her husband, J. C. Baldwin, by their deed of that date, conveyed all their undivided interest in said lot to Mrs. A. T. Lomax for a recited consideration of $5,000, paid and secured to be paid as follows: $1,700 cash and 12 notes of even date with the deed executed by Mrs. Lomax, each for the sum of $250, and one note for the sum of $300, the 12 notes being numbered from 1 to 12, inclusive, and the other No. 13; all notes being payable to the order of Mrs. Hattie O. Baldwin as follows: One on the 1st day of May and November of each year until all shall have been paid, with interest from date at the rate of 8 per cent. per annum, payable semiannually on May 1st and November 1st of each year. It was stipulated in said deed that Mrs. Lomax might procure a loan of $2,000 from the National Loan & Investment Company of Detroit, Mich., and that the same might be secured by a deed of trust on said lot, executed by Mrs. Lomax, and that such loan should be a first

and superior lien on said property, and that the vendor's lien notes above described should be second and inferior liens to the lien of the National Loan & Investment Company. The notes contained a provision that all of them may be declared due upon default being made in the payment of any of the notes or of any installment of interest at maturity. In said deed ,it was expressly stipulated that the vendor's lien was retained against the property conveyed until all the notes and interest thereon were paid.

A loan of $2,500 from the National Loan & Investment Company was procured, and the deed of trust mentioned in the deed from Baldwin and wife to Mrs. Lomax was executed to secure the same.

Mrs. Hattie Baldwin and husband, J. C. Baldwin, executed a release to Mrs. Lomax showing that notes Nos. 1 to 6, described in the deed from them to her, had been paid. Thereafter, on the 26th day of February, 1916, Mrs. A. T. Lomax, by her deed of that date, conveyed the whole of the property in controversy to appellee J. T. Trull. The deed by which the lot was conveyed by Mrs. Lomax to Trull contains the following recitals:

"For and in consideration of the sum of $6,000, paid and secured to be paid by J. T. Trull, as follows: $1,700 to me cash in hand paid by the said J. T. Trull, the receipt thereof is hereby fully acknowledged, and the further consideration of the assumption of the said J. T. Trull of the following indebtedness against the hereinafter conveyed property, viz. $2,500 payable to the United States Savings Bank of Detroit, Mich., as shown by deed of trust recorded in volume 35, at page 56, of the Hill County Mortgage Records, and the further assumption of seven notes executed by the said Annie T. Lomax and payable to the order of Mrs. J. C. Baldwin on May 1, 1917, November 1, 1917, May 1, 1918, May 1, 1919, and November 1, 1919, and May 1, 1920, six of the said notes for the sum of $250 each and one for the sum of $300—have granted, sold, and conveyed, and by these presents do grant, sell, and convey, unto the said J. T. Trull, of the county of Hill, state of Texas, all that certain lot, tract, or parcel of land lying and being situated in the city of Hillsboro, in the county of Hill and state of Texas, and described as follows, to wit: Being part of lot No. 14 in block No. 4 of the said city of Hillsboro, Tex. * * * To have and to hold the above-described premises, together with all and singular the rights and appurtenances thereto in any wise belonging, unto the said J. T. Trull, his heirs and assigns forever, and I do hereby bind myself, my heirs, executors, and administrators to warrant and forever defend all and singular the said premises unto the said J. T. Trull and his heirs and assigns, against every person whomsoever lawfully claiming or to claim the same or any part thereof. But it is expressly agreed and stipulated that the vendor's lien is retained against the above-described property and premises and improvements, until the above-described notes and all interest thereon are fully paid according to their face and

tenor, effect and reading, when this deed shall become absolute."

On the 13th day of November, 1917, after the execution of the deed from Lomax to Trull, Trull sued Mrs. Lomax in the district court of Hill county, asserting title to the property involved in this suit, and, among other things, prayed for an injunction to restrain her from interfering in the business conducted by him in the building situated on the property and from trespassing upon said property.

On the 28th day of January, 1918, J. C. Baldwin, one of the appellants herein, a brother-in-law of Mrs. Lomax, as her attorney filed answer for her in the Hill county suit, and by way of cross-action, among other things, alleged that the deed executed by Mrs. Lomax to Trull conveying the property in question in this suit was not in fact a deed, but it was intended by all parties to operate as a mortgage only to secure Trull in the payment of certain indebtedness, and praying for a cancellation of said deed. Trull denied the allegations of this answer, and alleged that the instrument was an absolute conveyance of the property.

This Hill county case was tried twice in the district court of Hill county and upon the last trial in said court, in February, 1919, judgment was rendered in favor of J. T. Trull, adjudging that he was the owner of whatever title Mrs. Lomax had in and to the property. From that judgment an appeal was perfected and was pending in the Court of Civil Appeals at Dallas at the time of the trial of this case.

J. C. Baldwin, one of the appellants, a brother-in-law of Mrs. Lomax, represented her in the trials of the case in Hill county and upon the appeal of that cause. W. L. Baldwin is a cousin of Jacob C. Baldwin, and the appellant Mrs. Hattie Baldwin is the wife of J. C. Baldwin and the sister of Mrs. Lomax.

The appeal in the Hill county case was perfected by filing an appeal cost bond on the 4th day of March, 1920.

Appellee J. T. Trull had paid the sum due by Mrs. Lomax to the National Loan & Investment Company, and notes 7 to 12, inclusive, executed by Mrs. Lomax and delivered to Mrs. Hattie O. Baldwin in part payment for Mrs. Baldwin's one-half interest in the property in controversy, and which were assumed by him in the deed from Mrs. Lomax to him, prior to the 28th day of April, 1920. On the date last named J. T. Trull paid into the First State Bank of Hillsboro, Tex., the sum of $312, and instructed the bank that upon delivery to it of a release by the Baldwins, acknowledging the payment of notes 7 to 13, inclusive, assumed by him, to pay off note No. 13, due May 1, 1920, and on said date the bank wrote J. C. Baldwin as follows:

"Mr. J. T. Trull has deposited $312 to pay note No. 13 for $300 and interest on same for six months. This being one vendor's lien note against a brick building and lot here in Hillsboro, Texas, now occupied by the Trull Millinery Company and the Sherrod Shoe Store.

"When you forward the release covering notes Nos. 7, 8, 9, 10, 11, 12 and 13, of which the above mentioned being the last note of same series on a certain lot and building mentioned above, this bank will pay you $312."

All of said notes were payable at Hillsboro and had been sent to the bank there for payment.

Baldwin refused to accept payment of note No. 13 and execute the release demanded, contending that note No. 1 of the series of notes executed by Mrs. Lomax to Mrs. Hattie Baldwin had not been paid, but had been changed from No. 1 to No. 14. Trull refused to pay note No. 1, and thereafter on the 7th day of May, 1920, Mrs. Hattie Baldwin, joined by J. C. Baldwin, executed a deed purporting to convey to W. L. Baldwin a one-eighth part of the property involved in the suit; the recited consideration being $10 and other valuable considerations not named. This deed was sent by J. C. Baldwin to Hillsboro for record June 11, 1920, and on the 14th day of June, 1920, this suit was instituted by Hattie O. and husband, J. C. Baldwin, against J. T. Trull and Mrs. Annie T. Lomax, of Hill county, and W. L. Baldwin, of Harris county.

The plaintiffs alleged that they and the defendants were the owners of lot 14, block 4, in the city of Hillsboro. They alleged the interest owned by each party and prayed for a partition.

Defendant J. T. Trull filed his plea of privilege to be sued in the county of his residence, and therein alleged that his place of residence was at all times in Hill county, Tex., and that at no time had he ever resided in Harris county, Tex., and that none of the exceptions to exclusive venue mentioned in articles 1830 and 2308 of the Revised Statutes existed in this cause; that all the defendants except W. L. Baldwin at all times resided in Hill county, Tex., and not in Harris county, Tex.; that the real property involved in the suit is wholly situated in Hill county, Tex. He further alleged all the facts relative to the conveyances of the land sued for, and the acts of the several parties relative thereto, as set out under our statement in the first part of this opinion, and that he was in exclusive possession of the land sued for at the time of the institution of this suit and that he had been in possession thereof long before the institution of such suit; that no consideration was paid or agreed to be paid by the defendant W. L. Baldwin for the one-eighth interest of the land so pretended to be conveyed to him by the plaintiffs, but that the plaintiffs, well knowing that they owned no interest in the property, fraudu-

lently conspired with the defendants W. L. Baldwin and Annie T. Lomax to execute such pretended and bogus transfer of one-eighth undivided interest in said property for the sole purpose of fraudulently securing a resident of Harris county whom they could name as a defendant in a suit to be thereafter brought by them for the apparent purpose of partitioning said property, but in truth and in fact brought for the purpose of enabling the defendant Annie T. Lomax to again set up and litigate her claim that the deed executed by her to him was not a deed but was intended as a mortgage; "that said pretended deed to the said W. L. Baldwin is not bona fide and was not made in good faith, but is a fictitious and simulated transfer made solely for the fraudulent purpose of conferring upon this court venue and jurisdiction to hear and determine the issue between the said defendant Annie T. Lomax and this defendant as to the sufficiency and validity of said deed executed as aforesaid by the said Annie T. Lomax to this defendant to the property described in plaintiffs' petition; that the suit brought herein by the plaintiffs is not brought in good faith, but is brought for the purpose of effectuating and consummating said fraudulent plan and device; that all of the facts in reference to the execution of the various deeds hereinabove mentioned and with reference to the proceedings had in the said suit pending in the district court of Hill county, Tex., were well known to the said defendant W. L. Baldwin at the time of the execution of said deed to him by the said Hattie O. Baldwin and Jacob C. Baldwin, and the said W. L. Baldwin joined in and conspired with the said Hattie O. Baldwin, Jacob C. Baldwin, and Annie T. Lomax in the fraudulent plan, device, and scheme to so fraudulently confer venue and jurisdiction upon this court;" that this suit is a suit the real purpose of which is to recover the title to the land described in the plaintiffs' petition, but is fraudulently brought in the form of a suit for partition of land for the fraudulent purpose of conferring jurisdiction upon the district court of Harris county over the person of this defendant.

The plaintiffs filed their contest of the plea of privilege of J. T. Trull in manner and form as required by law. They admitted that all the defendants except W. L. Baldwin resided in Hill county, as alleged by defendant Trull, and that the property in question was wholly situated in said Hill county. They alleged, however, that the allegations of fraud on their part made by the defendant Trull were false and untrue, and asserted that W. L. Baldwin was in fact an owner of an undivided interest in the property in question and was a necessary party defendant; that the suit was a suit for partition of land and not one involving the trial of title to land, as alleged by said defendant Trull, and that there-

fore the district court of Harris county had jurisdiction to try the cause in Harris county, where W. L. Baldwin resided, regardless of the plea of privilege of J. T. Trull.

Neither W. L. Baldwin nor Mrs. Annie T. Lomax filed a contest of defendant's plea of privilege.

The trial court sustained the plea of privilege of defendant Trull, and ordered that the suit be transferred to the district court of Hill county for trial. From the judgment so rendered Mrs. Hattie O. Baldwin and J. O. Baldwin have appealed.

[1] Appellants first contend that the trial court erred in sustaining the plea of privilege of defendant J. T. Trull under the facts and circumstances proven. To this contention we cannot agree. In addition to the facts already stated, it was shown that appellee Trull had paid all the notes due by Mrs. Annie T. Lomax to Mrs. Hattie O. Baldwin assumed by him in the deed from her to him, except note No. 13, and that he had deposited in a bank in Hill county, where note No. 13 was payable, the amount due on said note, and directed the bank to pay the same; that on being informed by the bank of such deposit J. C. Baldwin went to Hillsboro about the 1st day of May, 1920, and refused to accept payment of note No. 13 unless Trull would pay note No. 1, which had been changed to note No. 14. Trull refused to pay note No. 1 so changed, insisting that the release executed by J. C. Baldwin and wife before he purchased from Mrs. Lomax showed that said note had been paid and that he had not assumed its payment. J. C. Baldwin then returned to Houston, and on the 7th day of May, 1920, he and his wife executed a deed to W. L. Baldwin, of Harris county, a relative of J. C. Baldwin, purporting to convey to him an undivided interest in the property in question. This deed was sent to Hill county for record on the 11th day of June, 1920, by J. C. Baldwin and not by W. L. Baldwin, and on the 14th day of May, three days later, this suit was filed in the district court of Harris county. The land in question was situated wholly in Hill county, and was in the exclusive possession of J. T. Trull at the time this suit was filed, and had so been in his exclusive possession for a long time prior thereto.

All the facts relative to the controversy involved in the suit in Hill county, now on appeal, between appellee Trull and Mrs. Lomax, were well known to the plaintiffs at the time they executed the deed to W. L. Baldwin and when they filed the suit in Harris county.

We think that the evidence is sufficient to sustain the finding of the trial court that the act of J. C. Baldwin and wife, Hattie O. Baldwin, in executing the deed to W. L. Baldwin, constituted a fraudulent attempt on their part to confer jurisdiction upon the district court of Harris county, and that there-fore the plea of privilege of appellee should be sustained.

[2] Whether J. C. Baldwin and wife, Hattie O. Baldwin, did in good faith execute the deed to the property in question to W. L. Baldwin for the purpose of making him the owner thereof, or whether they made it for the purpose only of conferring jurisdiction upon the district court of Harris county, so as to deprive and for the purpose of depriving appellee Trull of his right to be sued in the county of his domicile, was a question for the court trying the case. Eaton v. Klein, 174 S. W. 331. This question was determined by the trial court in favor of appellee Trull, and we are not prepared to hold that the evidence did not support the conclusion reached by the court. We also conclude that the findings of fact and conclusions of law of the court material to the issue involved on this appeal are supported by the evidence.

[3] Findings and conclusions of the trial court not pertinent or material to the issue being tried present no cause for a reversal of the judgment rendered upon sufficient evidence. We therefore overrule assignments 4 to 15, inclusive, complaining of the finding of facts and conclusions of law filed by the court.

[4, 5] We have also reached the conclusion that the court did not err in receiving and considering in evidence all the various facts and circumstances relating to the title to the property in controversy, together with those relating to the Hill county suit and the connection of the parties to this suit therewith. Consideration of all these matters was admissible upon the question of fraud alleged by appellee in his plea of privilege. The right of the defendant to be sued in the county of his domicile is to be determined from the facts of the particular case, and not from the form in which the plaintiffs have cast their pleadings. Great latitude is allowed in the proof of allegations of fraud.

The record presents other facts, not specifically found by us, which appellee urges as being sufficient to support the judgment of the court, but, as we deem those already found sufficient, we will not prolong this opinion by the recital of others.

What we have said disposes of all the issues presented, and it is apparent therefrom that we think the judgment should be affirmed; and it is so ordered.

Affirmed.

GRAVES, J. I concur in the result reached on the sole ground that it was the trial court's province to determine the real purpose of the suit, notwithstanding its form as one in partition; that the recent act of the Legislature (chapter 93, Acts 36th Legislature, p. 152) did not undermine that authority; and that the evidence heard was sufficient to sustain that court's conclusion.