## THORNTON et al. v. THORNTON et al.
### No. 12988.

Court of Civil Appeals of Texas.
Fort Worth.

April 13, 1934.

Rehearing Denied Sept. 14, 1934.

Sullivan, Speer & Minor, of Denton, and Fred T. Arnold, of Graham, for appellants.

W. O. Boyd and L. Fulton, both of Denton, for appellees.

LATTIMORE, Justice.

This is on appeal from an order overruling a plea of privilege.

Appellants are the son and former wife of appellee, S. L. Thornton, and reside in Young county, Tex. During that marriage those spouses acquired a farm located in Young county, Tex., and thereafter were divorced without a division of that community property. The son acquired a portion of his father's interest in the farm.

The said S. L. Thornton now resides in Denton county with his present wife, who is appellee Addie Thornton.

This is a suit for partition of the Young county farm, filed in Denton county upon the contention that appellee Parker resides in that latter county and owns an interest in the land. R. S. art. 1995, subd. 13.

The only testimony on the trial was that of Parker. He says he was working at a sorghum mill for S. L. Thornton, who thereby became indebted to him "15 or 20 dollars," and that Thornton agreed to deed him an acre interest in the farm; that thereafter Thornton became further indebted to him to a total of "about $50" "something less than fifty dollars," and he insisted that Thornton secure a partition of the land. Thereupon he took said S. L. Thornton to his (Parker's) lawyer, and on that occasion Thornton executed to him a deed of one acre interest in the farm and authorized the lawyer to file this suit. The deed was not recorded for want of revenue stamps, because, as Parker testified, he did not think the deed worth 50 cents.

If we concede the prerogative of the trial court to believe Parker had an interest in the land itself, still it is to us quite plain that Parker is in fact a plaintiff in the suit and counsel for plaintiff in the suit is such because he is the lawyer for Parker. It is the facts of the transaction that decide the venue, not the name given them (Baldwin v. Baldwin (Tex. Civ. App.) 233 S. W. 130) or any artificial designation of the position in the suit of the parties thereto. All the actual defendants reside in Young county, and their privilege must be respected.

The judgment of the trial court is reversed, and the cause remanded to the trial court, with instructions to transfer the same to the district court in Young county.