ECONOMY COUNTY MUT. FIRE INS. CO.
v. CURTON.

No. 2882.

Court of Civil Appeals of Texas. Waco.

Jan. 12, 1950.

Rehearing Denied Feb. 2, 1950.

Blakeley & Blakeley, Dallas, John F. Harrison, Dallas, for appellant.

Zachry & Boyd, Waco, for appellee.

TIREY, Justice.

This is an appeal from an order of the County Court overruling appellant's plea of privilege to be sued in Dallas County, the county of its residence. The order is assailed on four points and they are substantially as follows: Nos. 1, 2 and 3 are respectively that venue cannot be maintained in McLennan County by reason of exceptions 23, 28 and 28a of Art. 1995, Vernon's Ann.Civ.Stats., and (4) that the affidavit controverting the plea was insufficient in that it was not made on the personal knowledge of the affiant.

■ Since the filing of the plea of privilege merely placed on appellee the burden of proving one or more of the grounds of venue alleged in his controverting affidavit by a preponderance of the evidence, see Fagg v. Benners, Tex.Civ. App., Waco, 47 S.W.2d 872, and since we believe that appellee carried this burden under the provisions of subdivision 28 aforesaid, we will discuss one point only.

■ Appellee sought to recover against the Economy Mutual Fire Insurance Company and alleged in part that it was chartered and authorized to do business in the State of Texas and by virtue of the laws of the State of Texas, having a local agent in the County of McLennan; that its lawful agent executed and delivered an insurance contract policy No. A7404 to John Chapel of the County of McLennan, State of Texas, wherein, for a consideration of the premiums therein stipulated, to-wit, the amount of $45.00, the appellant insured a 1942 Plymouth DeLuxe Sedan automobile; that said automobile had been purchased from the plaintiff and was encumbered in the sum of $969.16, all of which was owed by the insured to the plaintiff and secured by chattel mortgage lien; that said policy provided in effect that any loss under the terms of the policy is payable, as the interest may appear, to the insured Chapel and appellee herein. Appellant seasonably filed its plea of privilege, which was controverted by appellee, and as one of the grounds therefor appellee invoked exception 28 of Art. 1995, supra. On trial (non-jury) evidence was tendered to the effect that appellee, Ralph Curton, resided in McLennan County, Texas; that appellant issued and delivered the policy in question

covering said automobile which had been sold by the appellee to Chapel and that appellee held a valid and subsisting chattel mortgage lien on said car to secure the outstanding indebtedness to the appellee; that the automobile was in McLennan County at the time the insurance policy was issued and delivered and that it was in McLennan County at the time it was taken from Chapel without his consent and that it was wrecked or damaged in an accident in Mc-Lennan County. It was stipulated "that the 1942 Plymouth automobile Motor No. P-149877 was actually damaged and for the purpose of this hearing only that said automobile was damaged on or about the 4th of December, 1948, and that same is now in the possession of the Southwest Body Works, and that the said automobile is the automobile in controversy"; that such matter was called to the attention of the insurance company and they denied liability and refused to pay for such damages.

Subsection 28 of Art. 1995, aforesaid, provides:

"Suits against fire, marine or inland insurance companies may also be commenced in any county in which the insured property was situated. Suits on policies may be brought against any life insurance company, or accident insurance company, or life and accident, or health and accident, or life, health and accident insurance company, in the county where the home office of such company is located, or in the county where loss has occurred or where the policyholder or beneficiary instituting such suit resides."

Much has been written as to the venue facts that must be proved when the various exceptions are invoked in venue cases. Our Supreme Court sought to set such matters at rest in Compton v. Elliott, 126 Tex. 232, 88 S.W.2d 91, which opinion has been consistently followed by our Supreme Court. Our Supreme Court in the case of National Life Co. v. Rice (a suit on a life policy) 140 Tex. 315, 167 S.W.2d 1021, 1022, 1024, points 4–5, made application of the above rule with reference to subdivision 28 aforesaid. In applying the rule

there announced our Supreme Court said: "Venue facts are what must be proved to make applicable some exception to Art. 1995. They are defined and can be found only in the subdivision of that article which declares the exception. * * * By reference to applicable provisions of subdivision 28, as we have quoted them, it is clear that the venue facts Thomason was bound to establish in the hearing on the plea of privilege are: (1) that he was a policyholder; (2) that he resided in Mc-Lennan County; (3) that relator was a life insurance company; and (4) that he was suing on an insurance policy. * * * Thomason sought to maintain his suit in McLennan County on the theory that it was on an insurance policy. Whether it was such a suit was, therefore, the only issue, as relator admits that he proved that he was a policyholder residing in McLennan County and that it was a life insurance company. Nothing else had to be shown." Subdivision 28, aforesaid, insofar as it is pertinent to this suit provides: "Insurance.—Suits against fire, marine or inland insurance companies may also be commenced in any county in which the insured property was situated. * * *" The evidence being without dispute that appellant company had issued and delivered its policy to cover the automobile in question and that it was in McLennan County, and the policy tendered in the suit providing among other things "Comprehensive loss of or damage to the automobile except by collision, but including fire, theft and windstorm, and said evidence being further tendered that said property had been damaged or injured in McLennan County, such proof, in our opinion, is sufficient to sustain venue in McLennan County. It is true that appellee alleged that the property had been damaged by fire and it had sustained a total loss, while the proof showed that the property was damaged by reason of an accident and was not destroyed by fire. These matters go to the merits of the case and are not pertinent on the question of venue.

Nor do we think there is any merit in appellant's contention that the attorney

for appellee did not have sufficient knowledge to make an affidavit to the controverting affidavit. Since we are of the opinion that this case as to plea of privilege is ruled by the opinion of our Supreme Court in National Life Co. v. Rice, supra, further comment would be of no avail. See also National Life Co. v. Stegall, 140 Tex. 554, 169 S.W.2d 155, point pages 156, 157.

The judgment of the trial court is affirmed.