## CONTINENTAL COUNTY MUT. INS. CO. v. MATTOX et al.

### No. 4679.

Court of Civil Appeals of Texas. Beaumont.
Sept. 14, 1950.

Rehearing Denied Oct. 11, 1950.

O'Fiel & O'Fiel, Beaumont, for appellant.

Fisher & Tonahill, Jasper, for appellees.

R. L. MURRAY, Justice.

This is an appeal from an order of the District Court of Newton County overruling the plea of privilege of Continental County Mutual Insurance Company. Mrs. E. J. Mattox, et vir, brought suit in District Court of Newton County on a policy of fire insurance, alleging the issuance of the policy by the appellant to her, covering her dress shop in Newton, Texas, and further alleging fire loss and the consequent liability of the appellant.

The appellant filed its plea of privilege to be sued in Travis County, Texas, its legal domicile. A first and second amended original petition were filed by Mrs. Mattox, the appellee herein, and she also filed an amended controverting plea to the appellant's plea of privilege. This amended controverting plea incorporated and realleged her second amended original petition as a part of the controverting plea and also alleged that venue of the suit should

be retained in Newton County and the appellant's plea of privilege should be overruled because of Subdivisions 28, 23 and 5 of Art. 1995, of Vernon's Annotated Civil Statutes of Texas. Upon a hearing the trial court overruled the plea of privilege and Continental County Mutual Insurance Company has perfected its appeal to this court for review.

In their brief the appellees state that they do not urge Subdivision 5 of Art. 1995 supra, in support of the action of the trial court in overruling the plea of privilege. The appellees urge that the action of the trial court should be sustained and affirmed under Subdivisions 23 and 28 of Art. 1995, supra. Points 5 and 6 relied upon by the appellant deal with the application of Subdivision 5 of Art. 1995 and will therefore not be further discussed in this opinion.

█ The appellant's Point 1 is that the trial court erred in its apparent holding that the appellant was a corporation with an agent in Newton County, Texas; Point of Error 2 is that the trial court erred in its apparent holding that the appellant was a corporation and that plaintiff's cause of action arose in Newton County and such holding is against the overwhelming weight of the credible testimony, in that plaintiff failed to establish a prima facie case; appellant's Point of Error No. 7 is that the trial court erred in overruling appellant's plea of privilege because the appellees failed to establish that the appellant came within any of the exceptions of the exclusive venue statute and failed to establish a prima facie case. The appellant discusses Points No. 1, 2 and 7 together and they will also be treated together here. The appellant argues that there is no evidence in the record to show that the appellant here was a corporation and that no proof was introduced by appellant or appellees to that effect and on the contrary proof as introduced was to the effect that appellant is an insurance company or stock insurance company and the appellant argues that it was incumbent upon appellees to establish such corporate existence and also to establish a prima facie case in support of its petition. We do not agree with either the appellant or the appellees as to these points. The appellee says that it alleged the appellant to be a corporation and the appellant answered and admitted in its answer that it was a corporation and such allegations by them relieved the appellees of any duty of introducing any evidence to prove the fact of corporation. We note, however, that in the appellees' second amended original petition the allegation is made that the appellant "is a stock insurance company of Austin, Texas with a permit and license at all times pertinent hereto to do insurance business in Newton County, Texas * * *." This petition was filed February 9, 1950 whereas the plea of privilege, in which the appellant answered as a corporation, was filed in July, 1949. We do not find any allegation here then that the appellant was a corporation. Before venue can be retained in Newton County under Subdivision 23 in Art. 1995 there must be both pleading and proof of the fact of corporation. Of course if there had been such a pleading by the appellees and an admission in its pleading by the appellant, no proof would have been necessary to establish this as a fact. In the noted condition of the pleading of the appellee we hold that there is no showing of exception to the venue statutes under the said Subdivision 23.

The appellant's Points 3 and 4 attack the action of the trial court in overruling the plea of privilege on the ground that the appellant was a fire insurance company within the meaning of Subdivision 28 and the property destroyed was situated in Newton County, it being contended that such a holding is wholly without support in the evidence, and was against the overwhelming weight of the credible testimony. We overrule these two points and hold that the trial court was correct in retaining venue in Newton County under said Subdivision 28, Art. 1995, Vernon's Annotated Civil Statutes of Texas.

█ Under the authority of National Aid Life v. Self, Tex.Civ.App., 140 S.W. 2d 606, and Darnell v. Southwestern American Ins. Co., Tex.Civ.App., 226 S.W.2d

239, the appellees did not have the duty here to prove a prima facie case on the hearing on the plea of privilege. All they had to do was to prove that their suit was against a fire insurance company and that the insured property was situated in Newton County, where the suit was instituted. The evidence shows that the insured property was situated in Newton County.

We believe also that the case of W. R. McCullough Life Insurance Co. v. Armstrong, Tex.Civ.App., 158 S.W.2d 585, is controlling on the question of whether the appellant is a fire insurance company within the meaning of Section 28, Article 1995, Vernon's Annotated Civil Statutes of Texas. It is a County Mutual Insurance Company, according to its policy in evidence here, organized under the provisions of "Chapter 9-1, Article 4860a—20, Revised Civil Statutes of Texas [Vernon's Ann. Civ.St. art. 4860a—20], and House Bill 155; etc." We believe it comes squarely within the definition of a fire insurance company as pointed out in the McCullough Ins. Co. case, supra, and as such is subject to the General Venue Statute, Article 1995, supra.

The judgment of the trial court is affirmed.