# BEXAR COUNTY MUT. INS. CO. v. WARD et ux.

## No. 2907.

Court of Civil Appeals of Texas. Eastland.
Dec. 14, 1952.

Jack F. Ridgeway, San Antonio, for appellant.

Joe Reeder, Jr., Knox City, for appellees.

GRISSOM, Chief Justice.

Appellant, a county mutual insurance company organized under Art. 4860a–20, Vernon's Ann.Civ.St., issued a fire insurance policy to appellees. The insured property was destroyed by fire and appellees sued on the policy in the county in which it had been situated. Appellant's plea of privilege was overruled and it appealed.

The substance of appellant's contention is that its plea of privilege should have been sustained because a county mutual insurance company is exempt from the operation of the insurance laws, except as expressly provided in Art. 4860a–20 and the policy provides for the venue of suits against it in Bexar County. The questions presented have been heretofore decided against appellant. Appellant is a fire insurance company within the meaning of Exception 28, Art. 1995. W. R. McCullough Life Ins. Co. v. Armstrong, Tex.Civ. App., 158 S.W.2d 585. Suits against fire insurance companies are maintainable in the county where the insured property destroyed by fire was situated. Exception 28, Art. 1995; Continental County Mut. Ins. Co. v. Mattox, Tex.Civ.App., 232 S.W.2d 894, 896. The suit is maintainable in Knox County where the insured property was situated. Economy County Mut. Fire Ins. Co. v. Curton, Tex.Civ.App., 226 S.W.2d 507, 508; Jones v. Hollywood Style Shop, Tex.Civ.App., 62 S.W.2d 167. The policy provision for suit in Bexar County is against public policy and will not be enforced. International Travelers' Ass'n v. Branum, 109 Tex. 543, 212 S.W. 630, 632; International Travelers' Ass'n v. Powell, 109 Tex. 550, 212 S.W. 931.

The judgment is affirmed.