### McKINNEY v. CALVERT FIRE INS. CO.
### No. 3000.

Court of Civil Appeals of Texas. Eastland.
April 17, 1953.

Rehearing Denied May 8, 1953.

James W. Witherspoon, Hereford, for appellant.

Biggers, Baker & Lloyd, Dallas, for appellee.

GRISSOM, Chief Justice.

Barney McKinney sued Calvert Fire Insurance Company to recover on a fire insurance policy for the loss by fire of a GMC truck. The suit was filed in Dawson County, where McKinney resided and operated a Butane gas business and kept said truck. Upon a hearing of a plea of privilege it was sustained and the cause ordered transferred to Dallas County. McKinney has appealed.

The fire insurance policy issued by appellee to appellant covered a Studebaker truck but provided for automatic insurance for newly acquired automobiles as follows:

"If the insured who is the owner of the automobile acquires ownership of another automobile and so notifies the Company within 30 days following the date of its delivery to him, such insurance as is afforded by this policy applies also to such other automobile as of such delivery date:

"(a) If it replaces an automobile described in this policy * * *."

McKinney had purchased the GMC truck for $2,435 and it had been delivered to McKinney and was being used by him in the operation of his Butane business in Dawson County when it was destroyed by fire while it was being used to deliver Butane outside of said county. McKinney had not paid anything on the GMC truck and had not received a certificate of title or a license receipt when it was destroyed. He testified that when he received the GMC truck he placed the Studebaker, which the GMC truck replaced in his business, on his sales lot and did not thereafter use the Studebaker. This testimony was clear and unequivocal and undisputed. See Simmonds v. St. Louis, B. & M. Ry. Co., 127 Tex. 23, 91 S.W.2d 332, 334.

In his controverting affidavit, McKinney alleged this was a suit against a fire insurance company based upon a loss of the truck by fire and that venue was in Dawson County where he resided, under the provisions of Exception 28, Vernon's Ann. Civ.St. Art. 1995; that the location of such movable property, for venue purposes, was at the residence of the owner; that he resided in Dawson County and was the owner of the truck which was destroyed by fire while delivering gas outside of Dawson County; that the principal location of said truck was in Dawson County, where he resided and that the G M C truck was only temporarily absent from Dawson County when destroyed.

The following facts are either undisputed or conclusively established: (1) That this is a suit on an insurance policy, as shown by the petition; (2) that McKinney resided in and operated his Butane business in Dawson County, where the truck was usually kept; (3) that appellee is a fire insurance company and (4) McKinney is one of its policyholders. In National Life Co. v. Rice, 140 Tex. 315, 167 S.W.2d 1021, 1025 (Com.), our Supreme Court held that the venue facts under Exception 28, Art. 1995, applicable to a *life* insurance company, were that the plaintiff was (1) a policyholder; (2) that he resided in the county where the suit was filed; (3) that the defendant is a life insurance company and that (4) the plaintiff is suing on an insurance policy; that the plaintiff was not required to prove the facts showing the existence of a cause of action. McKinney was certainly not required by the provisions of Exception 28, Art. 1995, applicable to him in this suit against a *fire* insurance company to prove more than is required of a plaintiff suing an insurance company other than a fire insurance company. Said Exception 28 is as follows:

"Suits against fire, marine or inland insurance companies may also be commenced in any county in which the insured property was situated. Suits on policies may be brought against any life insurance company, or accident insurance company, or life and accident, or health and accident, or life, health and accident insurance company, in the county where the home office of such company is located, or in the county where loss has occurred or where the policyholder or beneficiary instituting such suit resides."

By virtue of the first sentence of Exception 28, McKinney was only required

454

to establish as venue facts that this is (1) a suit against a fire insurance company and that property alleged to be insured was "situated" in the county of the suit. Continental County Mut. Ins. Co. v. Mattox, Tex.Civ.App., 232 S.W.2d 894, 896; Bexar County Mut. Ins. Co. v. Ward, Tex. Civ.App., 245 S.W.2d 325, 326. Such facts were unquestionably established. But, if appellant had the burden of proving all the venue facts required in a suit against an insurance company other than a fire insurance company, he did so. The destroyed truck was "situated" in Dawson County, where McKinney resided and had his business and where the truck was usually kept. General Exchange Ins. Corporation v. Bell, Tex.Civ.App., 138 S.W.2d 129, 130; General Exchange Ins. Corporation v. Dudley, Tex.Civ.App., 128 S.W.2d 452, 453; Economy County Mut. Fire Ins. Company v. Curton, Tex.Civ.App., 226 S.W.2d 507, 508. It occurs to us that the only serious question that could be urged relative to this interpretation is as to the meaning of the provision that such suit might be brought in the county in which the "insured" property was situated, that is, whether or not McKinney was required to establish as a venue fact that the GMC truck was, in fact, covered by the insurance policy sued on. A holding that such proof is required as a venue fact, is, we think, precluded by the reasoning of our Supreme Court in Morgan Farms v. Murray, Chief Justice, 233 S.W.2d 123. Exception 12, Art. 1995, provides that a suit for foreclosure of a lien may be brought in the county where the property "subject to such lien" is situated. The Supreme Court expressly approved the holding of the San Antonio Court, Morgan Farms v. Brown, Tex.Civ.App., 231 S.W.2d 790, 791, that in a suit to foreclose a lien, venue may be sustained in the county where the property is located "by alleging a lien upon the property without the necessity of proving a valid debt and lien. The nature of the suit is determined by consideration of the pleadings and not the evidence."

The order sustaining the plea of privilege is reversed and judgment is ordered entered overruling the plea.