**ATLAS ASSURANCE COMPANY et al.,**
**Appellants,**

v.

**HOUSTON FIRE & CASUALTY INSURANCE COMPANY et al., Appellees.**

No. 6891.

Court of Civil Appeals of Texas.

Amarillo.

May 11, 1959.

Rehearing Denied June 8, 1959.

Johnson, Guthrie & Stanfield, Dallas, for appellants.

Thompson, Coe & Cousins, Dallas, Martin, Moore & Tackett, Fort Worth, for appellees.

PITTS, Chief Justice.

■ This is a venue action that arose out of a suit filed by appellants, Atlas Assurance Company and New York Underwriters Insurance Company, against appellees, Houston Fire & Casualty Insurance Company and John Joseph Malphette and wife, Clara E. Malphette, together with the following named mortgagees: Albin J. Ulrickson, C. A. Ulrickson and Markum Investment Corporation, neither of which mortgagees answered in the trial court and being party defendants who failed to answer in the trial court and who did not perfect an appeal to this court, the three named mortgagee defendants are not before this court for any purpose. Appellants there sought a declaratory judgment to construe the terms of three separate fire insurance policies issued by the three named insurance companies to cover a dwelling and the contents thereof owned by appellees, John Joseph Malphette and wife, Clara E. Malphette, with a loss payee clause in favor of the foregoing named mortgagees in the policies insuring the dwelling, in order to determine liability under the terms of the said policies respectively as a result of a fire that damaged the said dwelling and the contents thereof on the night of December 28, 1957, while all of the said policies were in force. The policies issued by appellant Atlas Assurance Company for $25,000 and by appellee Houston Fire & Casualty Insurance Company for $40,000 insured the said dwelling only as against fire hazards while the policy issued by appellant New York Underwriters Insurance Company for $20,-000 insured the household goods or contents of the dwelling as personal property against the hazards of fire.

Appellees John Joseph Malphette and wife and Houston Fire & Casualty Insurance Company filed two separate pleas of privilege to be sued in Tarrant County, the county of their residences respectively. The named appellants filed a joint controverting affidavit seeking to hold venue in Dallas County under the provisions of Sections 23 and 29a of Article 1995, Vernon's Ann.Civ.St. In their controverting affidavit appellants contend that they met the venue requirements of Sec. 23 of Art. 1995 when they filed suit in Dallas County against appellee Houston Fire & Casualty Insurance Company, a corporation, which had an agency or representative in Dallas County, in which county appellants reside and in which county the cause of action, or a part thereof, arose and in which county appellants resided at the time the said cause of action, or a part thereof, arose and that Dallas County has venue over all of the named parties because of the provisions of Sec. 29a of Art. 1995, which provides that in a suit filed against two or more defendants and such suit is lawfully maintainable in the county where filed as against any of such defendants, then such suit may be maintained in the said county where filed against any and all of the necessary parties thereto.

The venue issues alone were heard by the trial court without a jury as a result of which both pleas of privilege filed by appellees herein were sustained and the case involving only the interests of the named appellants and appellees herein was ordered transferred to Tarrant County, with venue as to the named mortgagees ordered retained in Dallas County. As a basis for such order of transfer the trial court found in its judgment entered that neither of the appellants was a resident of Dallas County but they were both foreign corporations having their home offices outside of the State of Texas and that appellee, Houston Fire & Casualty Insurance Company, had

its principal office in Tarrant County with a local agent in Dallas County and that appellees, John Joseph Malphette and wife, were residents of Tarrant County who owned the damaged property in question, which property was located in Tarrant County at the time of the fire and that the alleged cause of action arose in Tarrant County. Appellants have not by an assignment of error or otherwise challenged any of the said findings.

Appellants perfected an appeal from the trial court's judgment and contend that venue was established in Dallas County under the provisions of Sections 23 and 29a of Article 1995 for the reasons pleaded in their controverting affidavit as previously herein shown. In the alternative appellants contend that in any event the plea of privilege of appellee Houston Fire & Casualty Insurance Company should have been overruled because it was fatally defective in that it did not allege that the said appellee was not a resident of Dallas County at the time of service of process herein as required by Rule 86, Texas Rules of Civil Procedure and in the further alternative, appellants contend that by all means the trial court erred in granting a severance of the cause of action on its own motion, retaining venue in Dallas County of appellants' alleged cause of action in so far as it applied to the mortgagee defendants, Albin J. Ulrickson, C. A. Ulrickson and Markum Investment Corporation, but transferring venue in so far as it applied to appellees Houston Fire & Casualty Insurance Company and John Joseph Malphette and wife to Tarrant County, thus splitting the cause of action so that no final judgment can be rendered in either Dallas or Tarrant County since all of the named parties are necessary parties to the suit.

Appellee Houston Fire & Casualty Insurance Company has challenged the statement of appellants to the effect that it is a necessary party to appellants' suit, which is a suit to construe three separate insurance policies executed separately by the three named insurance companies to cover fire losses of property owned by appellees John Joseph Malphette and wife, since neither of the named insurance companies is a party to the policy contract executed by either of the other two insurance companies. Observing further, the said appellee contends that there is no contract of insurance in issue in the suit filed to which appellants, on the one hand, and appellee Houston Fire & Casualty Insurance Company on the other hand, are parties and that there is no privity of contract between appellants Atlas Assurance Company and New York Underwriters Insurance Company. For the reasons stated the said appellee contends that appellants herein cannot possibly assert a cause of action against the said appellee in connection with any policy contract here involved. For these reasons the said appellee contends that in any event it was proper to sustain the plea of privilege of appellees John Joseph Malphette and wife as well as that of Houston Fire & Casualty Insurance Company and transfer the case to Tarrant County which is the county of the residence of all appellees herein.

Appellees John Joseph Malphette and wife contend that appellants have failed to establish venue in Dallas County as against them and that by reason of their residence in Tarrant County where their property, insured separately by the three insurance companies here involved, was located when destroyed by fire, if any cause of action arose as a result of the loss, it arose on behalf of these appellees on the one side as against all three named insurance companies on the other side with Tarrant County having venue of the case; that no cause of action, or any part thereof, arose in Dallas County but whatever cause of action that may have arisen from the loss sustained, arose wholly in Tarrant County; that after these damaged appellees sustained the loss in question by reason of the fire, appellants did not wait for these appellees to institute an action in Tarrant County but "jumped the gun" and filed their suit against the third insurance company and these appellees in Dallas County, seek-

ing by their pleadings to hold venue in Dallas County by fictitiously naming Houston Fire & Casualty Insurance Company an adverse party to appellants when in fact such is not true. According to the record, we think there is some merit to at least some of this claim made by these said appellees and it has been held that the right of a defendant to be sued in the county of his domicile is to be determined from the facts of the particular case and not from the form in which the plaintiffs have drawn their pleadings. Baldwin v. Baldwin, Tex. Civ.App., 233 S.W. 130 (writ refused) and Thornton v. Thornton, Tex.Civ.App., 74 S.W.2d 429.

■ Appellants brought their suit under the Uniform Declaratory Judgment Act, Article 2524–1. But such Act does not purport to fix venue of suits brought under its terms and does not extend or limit the exceptions specified in the general venue statutes. City of Gilmer v. State ex rel. Southwestern Gas & Elec. Co., Tex.Civ.App., 281 S.W.2d 109.

■ In the case of A. H. Belo Corp. v. Blanton, 133 Tex. 391, 129 S.W.2d 619, 621, the Supreme Court said in part:

"The dominant purpose of our venue statutes is to give a person who has been sued the right to defend such suit in the county of his residence, except under well-defined exceptions. This rule was declared in the case of Pool v. Pickett, 8 Tex. 122, and has been consistently followed since that time.

"To deprive a defendant of the right of trial in the county of his domicile, the case filed against him must clearly come within one of the exceptions found in this statute, and the burden rests upon the plaintiff to allege and prove that the case comes within the exception. Meredith v. McClendon, 130 Tex. 527, 111 S.W.2d 1062; Coalson v. Holmes, 111 Tex. 502, 240 S.W. 896; Lasater v. Waits, 95 Tex. 553,

68 S.W. 500; Compton v. Elliott, 126 Tex. 232, 88 S.W.2d 91."

■■ The right of a resident to be sued in the county of his domicile is a valuable right and it has been held that a defendant is entitled to be sued in the county of his residence in the absence of any statutory exception and that exceptions to the plea of privilege of a citizen to be sued in the county of his domicile must be strictly construed and clearly established. Southwestern Investment Co. v. Allen, Tex.Civ. App., 322 S.W.2d 324; Williams v. Rearick, Tex.Civ.App., 218 S.W.2d 225; Deaton & Son v. Miller Well Servicing Co., Tex.Civ. App., 231 S.W.2d 944; Tatum v. Home Improvement Loan Co., Tex.Civ.App., 300 S.W.2d 215.

Under the record presented here every issue raised by the evidence must be resolved in favor of the trial court's judgment. Coker v. Harris, Tex.Civ.App., 281 S.W.2d 100; 3B Tex.Jur. 278, 279, Sec. 873, and other authorities there cited. The judgment of the trial court will be affirmed if there is evidence to support it upon any reasonable theory authorized by law. Connor v. City of University Park, Tex.Civ. App., 142 S.W.2d 706; Humphrey v. Southport Petroleum Co., Tex.Civ.App., 131 S.W. 2d 395; Rasberry v. Jones, Tex.Civ.App., 195 S.W.2d 947; LaForce v. Bracken, Tex. Civ.App., 163 S.W.2d 239, affirmed 141 Tex. 18, 169 S.W.2d 465.

In the case of McKinney v. Calvert Fire Ins. Co., Tex.Civ.App., 257 S.W.2d 452, 453, the suit was filed in Dawson County by the owner of property damaged by fire, which property was located in Dawson County where the owner also resided. A plea of privilege was filed by the insurance company seeking to have the case transferred to Dallas County. The plea of privilege was sustained by the trial court and the case ordered transferred to Dallas County, but an appeal was perfected and the trial court's judgment was reversed and the plea of privilege ordered overruled. Among

other statements there made by the appellate court it said in part:

"By virtue of the first sentence of Exception 28, McKinney was only required to establish as venue facts that this is (1) a suit against a fire insurance company and that property alleged to be insured was 'situated' in the county of the suit. Continental County Mut. Ins. Co. v. Mattox, Tex.Civ.App., 232 S.W.2d 894, 896; Bexar County Mut. Ins. Co. v. Ward, Tex.Civ.App., 245 S.W.2d 325, 326."

In the case of Continental County Mut. Ins. Co. v. Mattox, Tex.Civ.App., 232 S.W. 2d 894, 895, just cited in the previous case, a similar situation arose wherein the property destroyed by fire was situated in Newton County but the adverse party sought to have the case transferred to Travis County. On appeal the court said in part:

"Under the authority of National Aid Life v. Self, Tex.Civ.App., 140 S. W.2d 606, and Darnell v. Southwestern American Ins. Co., Tex.Civ.App., 226 S.W.2d 239, the appellees did not have the duty here to prove a prima facie case on the hearing on the plea of privilege. All they had to do was to prove that their suit was against a fire insurance company and that the insured property was situated in Newton County."

A similar situation arose in the case of Bexar County Mut. Ins. Co. v. Ward, Tex. Civ.App., 245 S.W.2d 325, 326, just previously cited in the McKinney v. Calvert Fire Ins. Co. case wherein the court said in part:

"Suits against fire insurance companies are maintainable in the county where the insured property destroyed by fire was situated. Exception 28, Art. 1995; Continental County Mut.

Ins. Co. v. Mattox, Tex.Civ.App., 232 S.W.2d 894, 896. The suit is maintainable in Knox County where the insured property was situated."

■ Under the record presented and the law applicable thereto it is our opinion the trial court was justified in sustaining the plea of privilege of appellees John Joseph Malphette and wife as well as that of appellee Houston Fire & Casualty Insurance Company. In any event the latter plea should have been sustained to avoid a multiplicity of suits if for no other reason. As to the named mortgagees or lien holders, appellees John Joseph Malphette and wife say in their brief that the said lien holders no longer have any interest in the matters here involved but, be that as it may, the record before us reflects that the said mortgagees did not answer in any manner in the trial court and were not therefore parties to the plea of privilege hearing before the trial court. Consequently, the trial court was without authority to grant severance of the case on its own motion and retain venue in Dallas County as to the named mortgagees. However, such did not constitute reversible error since the status of the named mortgagees was not disturbed in any way by the trial court's order. For the reasons shown the trial court's judgment should be reformed as to the provisions concerning the named mortgagees, leaving their names and the venue question as to them out of the judgment but otherwise the trial court's judgment is in all things affirmed. If appellants feel that the said mortgagees are necessary parties to the suit, the record reveals that all of the named mortgagees reside also in Tarrant County. Appellants will find some way if desired to take a nonsuit or dismiss the action against the said mortgagees in Dallas County and refile against them in Tarrant County along with the other interested parties. Judgment reformed and affirmed.