Lynn TOTH et vir, A. R. Toth, Appellants,

v.

UNITED STATES FIRE INSURANCE
CO. et al., Appellees.

No. 5384.

Court of Civil Appeals of Texas,
Waco.

Dec. 31, 1974.

R. W. (Bill) Glenn, Plano, for appellants.

Weber, Baker & Allums, James C. Allums, Jr., Thompson, Coe, Cousins & Irons, Larry L. Gollaher, Arthur W. Stone, Dallas, for appellees.

HALL, Justice.

This is a venue matter.

Plaintiffs are the named insureds in a homeowners policy issued by United States Fire Insurance Company. On February 10, 1972, while the policy was in force, plaintiffs' residence in Collin County was burglarized and jewelry owned by them of an asserted value of $3,306.75 was stolen therefrom. Among other perils, the policy protects plaintiffs against loss of unscheduled personal property to a limit of $5,000. However, the policy expressly limits the Company's liability to $500 for any one loss of jewelry by theft; and the Company refused to pay plaintiffs' loss in excess of that amount. Plaintiffs brought this suit in Collin County against the Company, Thomas H. Nall, and Metro Insurance Agency, pleading the policy and the loss and Company's failure to pay, and alleging that at all pertinent times Nall was an employee of Metro and Metro was the Company's agent; that on February 22, 1971, Nall entered into an oral contract of insurance with plaintiffs to provide coverage on plaintiffs' personal property in the total amount of $5,000 without limitation, and represented to plaintiffs that they were "covered" and "had nothing to worry about"; that the failure of the written policy to correctly reflect the terms of the oral contract resulted from Nall's intentional fraud, or from his or Metro's negligence; that the policy should be reformed; and that the Company's refusal to pay the full loss was willful and malicious. Plaintiffs prayed for recoveries of actual and exemplary damages.

The defendants' pleas of privilege to have the causes against them transferred to Dallas County, the County of their residences, were duly controverted by plaintiffs. Following a hearing without a jury, judgment was rendered granting all of the defendants' pleas. We reverse and render in part, and affirm in part.

Plaintiffs asserted in the trial court, as they do here, that Subd. 28 of Article 1995, Vernon's Texas Civil Statutes Ann., permits venue as to the Company in Collin County, and that venue is maintainable therein as to Nall and Metro under the provisions of Subd. 29a. These subdivisions provide:

"28. Insurance.—Suits against fire . . . insurance companies may also be commenced in any county in which the insured property was situated . . .

"29a. Two or more defendants.— Whenever there are two or more defendants in any suit brought in any county in this State and such suit is lawfully maintainable therein under the provisions of Article 1995 as to any of such defendants, then such suit may be maintained in such county against any and all necessary parties thereto."

■ Policyholders of the Company, plaintiffs' burden under the provisions of the first sentence of Subd. 28 was to plead and prove that (1) the Company was a fire insurance company and (2) that the property alleged to be insured was situated in the county of suit. Jones v. Holywood Style Shop, (Tex.Civ.App.—San Antonio, 1933, no writ hist.) 62 S.W.2d 167, 168; Continental County Mut. Ins. Co. v. Mattox, (Tex.Civ.App.—Beaumont, 1950, no writ hist.) 232 S.W.2d 894, 896; Bexar County Mut. Ins. Co. v. Ward, (Tex.Civ.App.—Eastland, 1952, no writ hist.) 245 S.W.2d 325, 326; McKinney v. Calvert Fire Ins. Co., (Tex.Civ.App.—Eastland, 1953, mand. overr.) 257 S.W.2d 452, 453–454; Atlas Assurance Co. v. Houston Fire & Casualty Ins. Co., (Tex.Civ.App.—Amarillo, 1959, writ dism.) 324 S.W.2d 943, 948; Commercial Standard Ins. Co. v. Caylor, (Tex.Civ. App.—Austin, 1960, no writ hist.) 333 S.W. 2d 161, 163.

■ The Company's contention that plaintiffs' suit against it is one in tort and not one upon the contract of insurance, and therefore not within the venue exception of Subd. 28 is without merit. Plaintiffs alleged that "the erroneous terms of the written contract of insurance should be reformed to the terms of the original oral contract of insurance." And, while they did not specifically pray for reformation, they did pray for recovery against the Company of their asserted actual damages, and "for such other and further relief to which they may be entitled." No exceptions were leveled to plaintiffs' pleadings. Absent exceptions, these pleadings are sufficient to support a decree for the equitable relief of reformation, and, as reformed, a recovery on the contract. United Savings Life Ins. Co. v. Glenn, (Tex.Civ.App.—Waco, 1971, writ ref., n. r. e.) 473 S.W.2d 629, 631.

■ The Company asserts that plaintiffs failed to allege that Nall was its agent at the "very time" he made the oral contract with plaintiffs. We disagree. We have already noted that plaintiffs pleaded that "at all times herein" Metro was the Company's local recording agent and Nall was Metro's employee. These pleadings sufficiently allege the questioned fact.

■ Within the meaning of Subd. 29a, Nall and Metro are "necessary parties" to plaintiffs' suit against the Company only if the complete relief to which plaintiffs are entitled in their action against the Company cannot be obtained unless Nall and Metro are also parties to the suit. Union Bus Lines v. Byrd, 142 Tex. 257, 177 S.W.2d 774, 775 (1944); Moody Day Co. v. Westview National Bank, (Tex.Civ.App. —Waco, 1969, writ dism.) 441 S.W.2d 294, 296.

All of the relief sought in the suit against the Company can be accorded plaintiffs without the presence of Nall or Metro. Therefore, Subd. 29a does not afford a basis for holding these defendants in the county of suit, and their pleas of privilege were properly granted.

The judgment of the trial court granting the Company's plea of privilege is reversed, and judgment is rendered overruling this plea. The judgment granting the pleas of privilege of Nall and Metro is affirmed.

Costs of this appeal are taxed one-half to the Company and one-half to plaintiffs.