## GENERAL CASUALTY CO. OF AMERICA v. UNITED STATES.

### No. 14355.

United States Court of Appeals
Fifth Circuit.

June 30, 1953.

Allen Wight, Dallas, Tex., for appellant.

Charles F. Herring, U. S. Atty., Austin, Tex., for appellee.

Before HOLMES, STRUM and RIVES, Circuit Judges.

RIVES, Circuit Judge.

The District Court entered judgment in favor of appellee and against appellant for $3,129.46, the amount plus accrued interest of certain deductions made by appellee's principal, B. J. Smith, from his payroll for the last two quarters in 1948. Smith withheld from the salaries and wages of his employees federal insurance contributions taxes in the amount of $376.98 pursuant to the provisions of section 1401(a), and income and withholding taxes in the amount of $2,182.36 under the provisions of section 1622 of the Internal Revenue Code, 26 U.S. C.A. §§ 1401(a), 1622. Thereafter, the Commissioner of Internal Revenue made jeopardy assessments for the amounts of said taxes but no part of the same has yet been paid.

Smith had contracted with the City of Seguin, Texas, for the construction of a brick fire station, and the appellant, as Smith's surety, had executed a bond conditioned as follows:

"Now, Therefore, if Principal shall faithfully perform such contract and pay all persons who have furnished labor or material for use in or about the improvement and shall indemnify and save harmless the Owner from all cost and damage by reason of Principal's default or failure so to do, then this obligation shall be null and void; otherwise it shall remain in full force and effect."

The bond was given pursuant to the requirement of Article 5160 of the Vernon's Annotated Civil Statutes of Texas quoted in the margin.[1] The bond provided that in

1. "Article 5160. Bond for wages
    "Any person, or persons, firm or corporation, entering into a formal contract with this State or its counties or school districts or other subdivisions thereof or any municipality therein for the construction of any public building, or the prosecution and completion of any public work shall be required, before commencing such work, to execute the usual Penal Bond, with the additional obligation that such contractor shall promptly make payments to all persons supplying him or them with labor and materials in the prosecution of the work provided for in such contract. Any person, company, or corporation who has furnished labor or materials used in the construction or repair of any public building or public work, and payment for which has not been made, shall have the right to intervene and be made a party to any action instituted by the State or any municipality on the bond of the contractor, and to have their rights and claims adjudicated in such action and judgment rendered thereon, subject, however, to the priority of the claims and judgment of the State or municipality. If the full amount of the liability of the surety on said bond is insufficient to pay the full amount of said claims and demands, then, after paying the full amount due the State or municipality, the remainder shall be distributed pro rata among said intervenors. Provided further, that all claims for labor and material furnished to said contractor, and all claims for labor and material furnished to any contractor shall be itemized and sworn to as required by Statutes as to mechanic's lien claims, and such claims shall be filed with the County Clerk of the County, in which said work is being prosecuted, within ninety days from the date of the delivery of said material and the performance of said work. The County Clerk shall note on the mechanic's lien record, the name of the claimant, the amount claimed, the name of the contractor and the name of the county, school district, other subdivisions, or municipality with which the contract was made; and the County Clerk shall index the claim under the name of the contractor and under the name of the county, school district, other subdivisions or municipality; with which the contract was made.

the event of the Principal's default the surety had the option either to "(a) take over and assume completion of said contract and become entitled to the payment of the balance of the contract price, or (b) pay the Owner in cash the reasonable cost of completion, less the balance of the contract price including retained percentage."

After Christmas of 1948, Smith was unable to continue the construction of the fire station building because of insufficient funds, and was unable to pay substantial construction costs theretofore incurred. The appellant then entered into an agreement with Smith whereby Smith resumed supervision of the construction work and the appellant furnished the funds for the completion of the job, and then collected the balance of the contract price including the retained percentage. The appellant saw to the payment of all taxes withheld from salaries and wages after Smith's default.

During the period prior to the contractor's default, the surety had no control of the payment of wages and could not be classed as the employer, see 26 U.S.C.A. § 1621(d). By assuming the completion of the contract and collecting the balance of the contract price including the retained percentage, the surety merely exercised its contract rights under the bond, and did not make itself liable for any default of the principal for which it was not already responsible. Any liability on the part of the surety company for taxes withheld from the employees prior to the contractor's default must rest solely on the bond executed by the surety and given pursuant to the requirements of Article 5160 of the Civil Statutes of Texas (Footnote 1, supra). Clearly, in our opinion, the Texas

legislature intended to protect the State, its counties, subdivisions, and municipalities, and the employees and materialmen who needed such protection, and not the United States which had ample powers to protect itself.

Further, Section 1608 of the Internal Revenue Code, 26 U.S.C.A. § 1608, provides as to amounts which an employer is required or permitted to deduct from the remuneration of an employee that, "for the purposes of this subchapter the amount so deducted shall be considered to have been paid to the employee at the time of such deduction." Though measured by the amount of wages, the money due the United States was owing as taxes and not as wages. United States Fidelity & Guaranty Co. v. United States, 10 Cir., 201 F.2d 118; United States v. Zschach Const. Co., D.C., 110 F. Supp. 551; cf. Central Bank v. United States, 345 U.S. 639, 73 S.Ct. 917.

Further, the appellee did not comply with the provision of Article 5160 of the Civil Statutes of Texas (Footnote 1, supra) with reference to the filing of an itemized sworn claim with the County Clerk of Guadalupe County, Texas. That provision was not a mere statute of limitation, but was a substantive condition precedent to the existence of a cause of action against the surety. See Fidelity & Deposit Co. of Md. v. Big Three Welding Equipment Co., Tex. Sup., 249 S.W.2d 183. The statute creating the right may impose conditions upon its exercise and those conditions are binding upon all including the United States.[2]

The judgment is, therefore, reversed and judgment here rendered for the appellant, defendant below.

Reversed and rendered.

"Provided further that after completion and acceptance of completed project all moneys due contractor under said contract shall be held by the State or its counties or school districts or other subdivision thereof or any municipality until such a time that satisfactory evidence is submitted and affidavits made by the contractor that all just bills for labor and material under this contract has been paid in full by the contractor."

2. See United States for Use and Benefit of American Radiator & Standard Sanitary Corp. v. Northwestern Engineering Co., 8 Cir., 122 F.2d 600, 602; United States v. Harpootlian, 2 Cir., 24 F.2d 646, 648; William Simpson Const. Co. v. Westover, D.C., 100 F.Supp. 125, 128; Annotation, 61 A.L.R. 413.