UNITED STATES of America, Appellant,

v.

CROSLAND CONSTRUCTION COMPANY, Inc., Pacific Employers Insurance Company, and American Indemnity Company, Appellees.

No. 6891.

United States Court of Appeals, Fourth Circuit.

Argued Nov. 18, 1954.

Decided Dec. 1, 1954.

Thomas E. McCutchen, Columbia, S. C., (Whaley & McCutchen and Hoover C. Blanton, Columbia, S. C., on the brief), for appellees Pacific Employers Ins. Co. and American Indemnity Co.

Before PARKER, Chief Judge, SOPER, Circuit Judge, and THOMSEN, District Judge.

THOMSEN, District Judge.

The only question presented by this appeal is whether the sureties on a bond [1] conditioned that "the principal shall promptly make payment to all persons supplying labor and material in the prosecution of the work provided for in" a contract between the Crosland Construction Company, Inc. (the principal) and the Newberry County Memorial Hospital of Newberry, South Carolina (the obligee) for the construction of certain alterations and additions to said hospital, are liable to the United States under that bond for federal income withholding taxes under Sec. 1622 et seq., I.R.C., Title 26 U.S.C.A. and Federal Insurance Contributions Act taxes under Sec. 1400 et seq., I.R.C., which were deducted and withheld by the principal from wages paid to employees engaged in the performance of said contract, but not paid over to the Government as required by law.

Other claims in addition to the one pressed on this appeal were made against the principal and the sureties in the amended complaint filed by the Government in the district court. The sureties moved for an order dismissing that complaint as to them on the ground that it failed to state a claim upon which relief could be granted. The district judge treated that motion as a motion for summary judgment, under Rule 12(b), Fed. R.Civ.P., 28 U.S.C.A., heard arguments based on the pleadings and affidavits submitted by the parties, and filed an opinion

Fred E. Youngman, Sp. Asst. to Atty. Gen. (H. Brian Holland, Asst. Atty. Gen., Ellis N. Slack and A. F. Prescott, Sp. Assts. to Atty. Gen., N. Welch Morrisette, Jr., U. S. Atty., and Irvine F. Belser, Jr., Asst. U. S. Atty., Columbia, S. C., on the brief), for appellant.

[1.] There were two bonds given by the principal and the sureties to the obligee —one a performance bond in the usual form, the other a payment bond conditioned as set out above. The performance bond was involved in some of the questions discussed in the district court; the claim pressed on this appeal is under the payment bond.

and order entering judgment in favor of the sureties. U. S. v. Crosland Construction Co., Inc., D.C., 120 F.Supp. 792. From that order and judgment the Government has appealed, but is pressing only the question stated above.

The parties do not contend that the language of the bond is extended or limited by any contract provision or statute. The question is simply whether the Government's claim is covered by the terms of the bond, quoted above.

■ The relevant statutes and regulations are set out in the note below.[2] From a consideration of all of them, we conclude, as did the majority of the Tenth Circuit in United States Fidelity & Guaranty Co. v. U. S., 201 F.2d 118:

"* * * that when an employer withholds the tax from an employee's wage and pays him the balance the employee has been paid in full. He has received his full wage. Part of it has gone to pay his withholding tax and the balance he has. The employer has discharged his contractual obligation to pay the full wage. Thereafter there remains only his liability for the tax which he has collected. That is a tax liability for which he alone is liable to the Government as for any other taxes which he may owe." 201 F.2d at page 120.

That decision was adhered to by the Tenth Circuit in U. S. v. Zschach Construction Co., 209 F.2d 347, and followed by the Ninth Circuit in Westover v. William Simpson Construction Co., 209 F.2d 908 and Fireman's Fund Indemnity Co. v. U. S., 210 F.2d 472, and by the Fifth Circuit in General Casualty Co. of America v. U. S., 205 F.2d 753. It is supported by Central Bank v. U. S., 345 U.S. 639, 73 S.Ct. 917, 97 L.Ed. 1312, in which it was held that the Government's claim against the contractor for amounts withheld could not be set off against amounts due the contractor's assignee because of the provision of the Assignment of Claims Act, 54 Stat. 1029, 31 U.S.C.A. § 203, that " 'such payments shall not be subject to reduction or set-off for any indebtedness of the assignor to the United States arising independently of such contract.' " The Supreme Court said:

"The requirement that Graham withhold taxes from the 'payment of wages' to its employees and pay the same over to the United States did not arise from the contract. The requirement is squarely imposed by §§ 1401 and 1622 of the Internal Revenue Code. Without a government contract Graham would owe the statutory duty to pay over the taxes due, just as it would to pay its income tax on profits earned. Graham's embezzlement lay neither in execution nor in breach of the contract. It arose from the conversion of the withheld taxes which Graham held as trustee for the United States pursuant to § 3661 of the Code. Assignor Graham's indebtedness to the United States arose, we think, 'independently' of the contract." 345 U.S. at pages 645, 646, 73 S.Ct. at page 920.

■ We agree with the Fifth Circuit: "Though measured by the amount of wages, the money due the United States was owing as taxes and not as wages." General Casualty Co. of America v. U. S., 205 F.2d at page 755. Such a claim is not covered by the bond in this case. The judgment of the District Court must be

Affirmed.

**2.** Internal Revenue Code of 1939, as amended, Title 26 U.S.C.A. § 35, 57 Stat. 126; § 322(a) (2), 58 Stat. 231; § 1400 et seq., 61 Stat. 793, 64 Stat. 477, esp. §§ 1401, 1402, 1427, 1430; § 1608, 53 Stat. 188; § 1622 et seq., 57 Stat. 126, 62 Stat. 110, 64 Stat. 906, esp. §§ 1622(a) (d) (e), 1623, 1627; § 3661, 53 Stat. 448. T.R. 116, Sec. 405.301. T.R. 128, Sec. 408.304.