Dan Walton, Dist. Atty., Jack J. Rawitscher, Samuel H. Robertson, Jr., Assts. Dist. Atty., Houston, and Leon B. Douglas, State's Atty., Austin, for the State.

BELCHER, Commissioner.

The conviction is for the felony offense of driving while intoxicated; the punishment, three years in the penitentiary.

Proof was offered of the prior conviction as alleged and that the appellant was the same person so convicted.

The testimony of the state shows that the appellant was intoxicated while he was driving a pick-up upon a public highway and at such time he drove the pick-up on his left side of the highway and struck a truck approaching from the opposite direction but which had stopped at the time of the impact. Appellant gave his written consent for a blood test and the analysis showed an alcoholic content of 0.36 per cent by weight.

Appellant while testifying in his own behalf admitted the prior conviction as alleged in the indictment and further stated that he had been drinking whiskey and was intoxicated on the occasion in question but did not know whether he was driving his pick-up at the time and place alleged.

There are no formal bills of exception. The informal bills have been examined and they do not show error.

The evidence is sufficient to support the conviction and no error appearing the judgment is affirmed.

Opinion approved by the Court.

COMMERCIAL STANDARD INSURANCE COMPANY et al., Appellants,

v.

Alton CAYLOR et al., Appellees.

No. 10732.

Court of Civil Appeals of Texas.

Austin.

Feb. 24, 1960.

Rehearing Denied March 16, 1960.

———◆———

. Johnson, Guthrie & Stanfield, James F. Williams, Dallas, for appellant.

Davee & Davee, Brady, Runge, Marschall & Runge, San Angelo, for appellee.

GRAY, Justice.

Appellants have appealed from an order overruling their pleas of privilege.

Appellees, John R. Caylor, Alton Caylor and Lee Caylor, as co-partners and individually, sued appellants, Fireman's Fund Insurance Company, The Home Insurance Company and Commercial Standard Insurance Company, to recover on fire insurance policies issued to appellees. Appellants filed pleas of privilege to be sued in Dallas and Tarrant Counties the county of their respective residence. These pleas were duly controverted and at a nonjury trial they were overruled.

It was alleged that appellees were residents of McCulloch County; that they were owners of property located in that county consisting of a barn in which there was located grain, wool, hay, farming implements, farm machinery and supplies; that this property was destroyed by fire and that appellants had issued to appellees policies of fire insurance covering the said property which policies were in full force and effect at the time of the fire. It was further alleged that one or the other of appellees was named in the policies as beneficiary.

Appellants were sued in one suit however there was no joint cause of action alleged against them and it is not contended here that there is joint liability. Appellees do however say that the actual ownership of the property, or at least some of it, was joint.

At the trial appellees' petition was introduced for the purpose of showing the nature of the suit.

There was oral evidence by appellees that they resided in McCulloch County and that the property in question was located there; that the property was owned by appellees; that it was destroyed by fire on August 10, 1958, and that the policies of insurance were issued and delivered to appellees. The policies of insurance were introduced in evidence. They listed the property insured, gave its location in McCulloch County, listed the amount of insurance, the date of coverage and named the beneficiary.

Appellants present seven points. Points one, five and six are to the effect that venue of this cause cannot be sustained in McCulloch County under exception 5, 23, or 27 of Art. 1995, Vernon's Ann.Civ.St. We will dispose of these points by saying it is our opinion that a discussion of the above exceptions is not necessary here for the reason that venue of this cause is governed by exception 28 which will be noticed under appellants' point seven.

Point two is to the effect that this cause should be remanded because of the absence of a necessary party—a mortgagee of insured property. Defect of parties is not raised by a plea of privilege. Seeds v. Edgerton, Tex.Civ.App., 209 S.W.2d 987. We find no pleading in the record before us alleging a defect of parties and therefore no

verified pleading raising such question as is required by Rule 93, Texas Rules of Civil Procedure.

Appellants' point three is to the effect that neither the pleadings nor the proof sustain the trial court's finding that appellees "brought suit individually" and point four is to the effect that the evidence does not support the trial court's finding "that the contracts of insurance were between the parties to the suit." Appellees sued "individually and as co-partners." The judgment of the trial court was a general judgment. It found as a fact that the plea of privilege as filed by the named defendant "should be in all things overruled" and then decreed:

> "that the plea of privilege as filed herein by defendants, Fireman's Fund Insurance Company, San Francisco, The Home Insurance Company, New York, and Commercial Standard Insurance Company of Fort Worth, be, and the same is hereby, in all things, overruled, and that venue of this cause be and the same is hereby fixed and retained in McCulloch County, Texas, the county in which said suit was originally filed."

At appellants' request the trial court filed findings of fact and conclusions of law. Among other findings he found that:

> "The captioned cause is a suit against three fire insurance companies, the Commercial Standard Insurance Company, the Home Insurance Company and the Fireman's Fund Insurance Company, defendants, instituted by A. R. Caylor, John R. Caylor and Lee H. Caylor, individually and as partners, as plaintiffs, on certain contracts of insurance between the parties."

■■ The question presented to the trial court and to this court is venue not liability. This being true the nature and kind of the suit was, and is, a question for decision. Appellees' petition was before the trial court. It showed it was a suit against fire insurance companies for a loss by fire of property situated in McCulloch County and the petition was "the best and all-sufficient evidence of the nature of the action." Stockyards Nat. Bank v. Maples, 127 Tex. 633, 95 S.W.2d 1300, 1302. Even if it be said that on the merits the liability of any appellant is limited by the contract to the named beneficiary, the fact that appellees have voluntarily elected to prorate a recovery for loss among themselves according to their interest would not defeat venue. It at most would be only a matter of defense.

Appellants' point seven is to the effect that venue of this cause cannot be properly sustained in McCulloch County under exception 28.

■■■ Exception 28 supra provides in part: "Suits against fire * * * insurance companies may also be commenced in any county in which the insured property was situated." The venue facts necessary to sustain venue under this exception are: that the suit is against a fire insurance company, and that the alleged insured property was situated in the county where the suit is filed. McKinney v. Calvert Fire Ins. Co., Tex.Civ.App., 257 S.W.2d 452. Mand. overruled. We have noted supra the evidence which is ample to sustain venue of this cause in McCulloch County.

The judgment of the trial court is affirmed.

Affirmed.