**NEW AMSTERDAM CASUALTY COMPANY, a corporation of the State of Maryland, Plaintiff,**

v.

**BOARD OF EDUCATION OF the BOROUGH OF SOUTH BOUND BROOK, a municipal corporation, the United States of America, the Division of Employment Security of the Department of Labor and Industry of New Jersey and Glenwood Construction Co., Inc., Defendants.**

Civ. A. No. 276–56.

United States District Court
D. New Jersey.

April 24, 1961.

Mead, Gleeson, Hansen & Pantages, Alastair J. Sellar, Newark, N. J., for plaintiff.

Arthur B. Smith, Somerville, N. J., for defendant the Board of Education of Borough of South Bound Brook, in Somerset County.

Chester A. Weidenburner, U. S. Atty., Newark, N. J., Kester R. Pierson, Princeton, N. J., for defendant United States.

David D. Furman, Atty. Gen. of New Jersey, Murry Brochin, Trenton, N. J., for defendant State of New Jersey.

Herman D. Ringle, Trenton, N. J., for Division of Employment Security of Department of Labor and Industry of New Jersey.

LANE, District Judge.

In September 1954, plaintiff New Amsterdam Casualty Company, surety, and Glenwood Construction Company, Inc., general contractor, executed and delivered a bond under the Municipal Mechanics Lien Law (N.J.S.A. 2A:44–125 et seq.) conditioned upon the performance of a contract that defendant Board of Education and Glenwood Construction Company had entered into for the construction of a school building. Glenwood Construction Company defaulted and plaintiff New Amsterdam Casualty Company, as surety, arranged for the completion of the work. Plaintiff claims the balance of the funds due on the contract because plaintiff, as surety, has paid claims of defendant subcontractors in excess of the $24,175.20 held by the Board of Education.

Defendant United States of America disputes the claim of plaintiff New Amsterdam to the fund held by the Board of Education. While it has abandoned its contention that a portion of the moneys constitutes a trust fund held for its benefit, the United States of America argues it is entitled to that portion of the $24,-175.20 that Glenwood Construction Company, the defaulting contractor, was obliged to withhold from the wages of employees engaged in the specific job covered by the surety bond for income tax

in accordance with the provisions of 26 U.S.C.A. § 1622.

Defendants Division of Employment Security of the Department of Labor and Industry of New Jersey and the Corporation Tax Bureau of the State of New Jersey join the United States of America in claiming sums of money due them from the contractor and allege that their claims constitute liens on the fund held by the Board of Education and must be accorded priority.

The United States relies on the holding in National Surety Corp. v. Barth, Ch. Div.1952, 20 N.J.Super. 100, 89 A.2d 104 wherein the United States' claim for funds representing withholding taxes was upheld on the theory that such sum represented wages withheld from workmen and hence should be paid out of the fund retained by the state and, if inadequate, should be paid by the surety just as it would be required to pay the unpaid wages of workmen.

The Division of Employment Security of the Department of Labor and Industry of New Jersey and the Corporation Tax Bureau of New Jersey allege that the reasoning of Barth as to the claim of the United States is also applicable to the claims of the State of New Jersey and that this court should hold that all three claimants are entitled to that portion of the fund which represents obligations due them from Glenwood Construction Company arising from the performance of the construction contract.

The United States contends that the holding in Barth as to taxes withheld is the law of New Jersey and that this Court is bound thereby. This holding in Barth is unsupported by authorities, and we are convinced it does not represent the law of the State of New Jersey, nor is it a correct interpretation of the Internal Revenue Code.

Both the State of New Jersey and the United States of America were litigants in the trial of the issues in Barth. The New Jersey Supreme Court affirmed the trial court concerning its decision denying the lien status of the State of New Jersey. The United States of America did not participate in the appeal, and hence, the decision as to its prior lien status was not reviewed by the New Jersey Supreme Court. See National Surety Co. v. Barth, 1953, 11 N.J. 506, 95 A.2d 145.

Significantly, the Superior Court decision in Barth in regard to taxes withheld was rendered prior to the clear and well-reasoned decision of the Court of Appeals (Tenth Circuit) in the United States Fidelity & Guaranty Co. v. United States, 1952, 201 F.2d 118 and the line of cases which follow. General Casualty Co. of America v. United States, 5 Cir., 1953, 205 F.2d 753; United States v. Zschach Const. Co., 10 Cir., 1954, 209 F.2d 347; Westover v. William Simpson Const. Co., 9 Cir., 1954, 209 F.2d 908; United States v. Crosland Construction Company, 4 Cir., 1954, 217 F.2d 275. In Fidelity it is recited [201 F.2d 120]:

"In its brief the Government states: 'The amounts covered by the liens of the United States represent amounts deducted and withheld from wages paid by Kendrick Electric, Inc., to its employees in the performance of its subcontract. They represent a part of the liability assumed by the prime contractor and its surety for the payment of labor and material and to the extent of such withholding the United States succeeded to the rights of the wage earners by operation of law.' And that 'Under the circumstances the United States succeeds by operation of law to the rights of the wage earners to the amounts deducted and withheld from wages as effectively as if it had taken a written assignment from the wage earners covering the withheld portion of their wages.' However, from the statutes and regulations as set out it seems clear that when an employer withholds the tax from an employee's wage and pays him the balance the employee has been paid in full. He has received his full wage. Part of it has gone to pay his withholding tax and the balance he has. The employer has discharged his contractual obligation to pay the full wage. Thereafter there remains only

his liability for the tax which he has collected. That is a tax liability for which he alone is liable to the Government as for any other taxes which he may owe."

Finally, the New Jersey Supreme Court in Key Agency v. Continental Casualty Company, 1959, 31 N.J. 98, 155 A.2d 547, affirming Ch.Div.1959, 55 N.J. Super. 58, 149 A.2d 797, held that a company that had provided the contractor with workmen's compensation and public liability insurance policies in connection with the performance of contracts with boards of education could not recover unpaid premiums on such policies in an action brought to compel defendant surety company to hold in trust for plaintiff money received by defendant surety company as an assignee of contractor from the boards of education.

In Key Agency [31 N.J. 98, 155 A.2d 550] the court reasoned that the Trust Fund Act was intended primarily to benefit the surety and that the words "labor, materials and other charges", N.J.S.A. 2A:44–147 (148), in the Trust Fund Act refer to "labor * * * or materials, provisions, provender or other supplies, teams, fuels, oils, implements or machinery", N.J.S.A. 2A:44–143, in the Bond Act, and noted:

"In the absence of an express provision to the contrary in the bond or building contract, it is generally held that a surety is not liable on a payment bond to satisfy claims for public liability or workmen's compensation policy premiums arising in connection with the performance of the contract. 43 Am.Jur., Public Works and Contracts, § 189, p. 930; 63 C.J.S. Municipal Corporations § 1178b, p. 874; Annotations, 102 A.L.R. 135, 164 A.L.R. 1468, 129 A.L.R. 1087; Note, 68 Yale L.J. 138, 152 (1958)."

Under the decision in Key Agency it is clear that governmental agencies could not recover from New Amsterdam Casualty Company on a payment bond given by the contractor to recover withholding taxes and similar taxes which contractor failed to pay while engaged in the construction work for which the bond was given. Accordingly, neither the United States nor the State of New Jersey is entitled to a lien on the trust fund moneys since neither has the right to prevail in a suit against the surety.

An appropriate order is to be presented awarding the entire sum of $24,175.20 to plaintiff.