Tex JONES, Appellant,

v.

CITIZENS CASUALTY COMPANY et al., Appellees.

No. 16406.

Court of Civil Appeals of Texas.

Fort Worth.

March 22, 1963.

Garrett & Garrett, and Rufus S. Garrett, Jr., Fort Worth, for appellant.

Cantey, Hanger, Johnson, Scarborough & Gooch, Ira Butler, Jr., Howard Barker, and John McBryde, Fort Worth, for appellees.

MASSEY, Chief Justice.

This is an appeal from an order sustaining separate pleas of privilege filed by defendants, Floyd West & Company, a corporation, and Citizens Casualty Company, a foreign fire, marine or inland insurance company. By the original suit J. L. Blackwell, local insurance agent, was named as an additional defendant. He was a resident of Tarrant County where the suit was filed, but he is not a party to the appeal. The plaintiff was Tex Jones.

In 1959, Jones and two other men were the owners of a 1947 Beechcraft Bonanza airplane. Said owners desired insurance as applied to the plane and its operations, which we will term physical insurance and liability coverage. Several of the owners conversed with Blackwell, and on May 9, 1959, one ordered from him said forms of insurance. Blackwell gave oral assurance that desired coverage would be in force and effect from that time. Two or three days later the plane crashed. As result thereof a third party was injured and the plane severely damaged. Shortly thereafter further damage was done to the plane as the result of a storm. Between then and the time of the trial of the pleas of privilege, Jones succeeded to all the rights, if any, of the former co-owners of the policy, if any, or their rights to any cause or causes of action for breach of contract to afford insurance.

Blackwell was a local insurance agent of Floyd West & Company, general agent for a variety of insurance companies. There was a contract in existence between the two relating to the authority of the local agent. One provision thereof reads as follows: "(4) The agent shall make no oral contract or contracts of insurance on behalf of Floyd West & Co., or any of the companies or carriers in which insurance is placed, other than such as may be evidenced by a policy of insurance or other insurance contract upon a form provided therefor by Floyd West & Co." Blackwell did not have in his office at any material time any form on which a policy contract could be completed which would afford the type of insurance for which he purported to contract on the occasion of the telephone conversation aforementioned. If we err in this statement, we are confident that the record does not reflect that Blackwell did have such a form.

The evidence disclosed that Blackwell had on numerous occasions "orally bound" Floyd West & Company to insurance coverage, and which "binder" was honored by said company through treating the transactions as though insurance was effected from the time Blackwell purported to contract. In other words, there was recognition by Floyd West & Company that its local agent had the right to so effect insurance. However, the same had not been true as applied to the form of insurance here involved. Blackwell had never promised a "binder" on airplanes which had been so honored. His testimony was that before he could effectively contract for an aviation risk he had to get the approval of the "aviation underwriter". The record fairly infers that such "aviation underwriter" is someone in the office of Floyd West & Company or someone from whom said company obtained approval before insurance affecting aircraft or aviation was contracted.

There had been such character of insurance on the same airplane, under the same ownership, during a part of the six months' period immediately prior to May 9, 1959. The coverage was through Blackwell and his general agent, Floyd West & Company, into the Citizens Casualty Company. This

policy had been cancelled by the owners during a period of several months when the airplane was removed to the State of Kansas where an attempt had been made to sell it. No sale was effected. The plane was returned to the Fort Worth-Dallas area, whereupon the same coverage was desired to be resecured or reinstated. On the previous occasion approval for the execution of an insurance contract had been received from the "aviation underwriter" and a policy of insurance written for which Blackwell had received credit. We presume that a new policy or reinstatement of the old would have been approved had there been time for Blackwell to furnish the information for investigation to Floyd West & Company and attention thereto by the "aviation underwriter". However, the crash and resultant damage and injury took place before Blackwell had given them said information or any form of notice in the premises. They discovered that Blackwell had purported to effect a "binder" at the same time they learned that a loss had been sustained. Floyd West & Company and the Citizens Casualty Company declined to honor and effect any contract of insurance and denied any liability in the premises.

■ Either the circumstances are such as (1) to create a contract of insurance between Jones and the Citizens Casualty Company,—or (2) to create a cause of action against Floyd West & Company for damages for breach of contract to furnish and afford insurance, along with Jones' similar cause of action against Blackwell,—or (3) Jones' cause of action is against Blackwell and no one else. In view of the proof in the record we believe that the third of these alternatives is the sole and only cause of action proved for purposes of the plea of privilege hearing.

■ As against the Citizens Casualty Company, Jones relies on Exception 28, "Insurance", to V.A.T.S., Art. 1995, "Venue, general rule". We believe and hold that venue may not be retained under the exception because Jones failed to prove that

he was a policyholder of Citizens Casualty Company. Economy County Mut. Fire Ins. Co. v. Curton, 1950 (Tex.Civ.App., Waco), 226 S.W.2d 507, 508, at which latter page the court reasoned to this conclusion from the case of National Life Co. v. Rice, 1943, 140 Tex. 315, 167 S.W.2d 1021; Clark, Venue in Civil Actions, Ch. 28, p. 166, "Insurance", § 4, "Proof Necessary to Sustain Venue".

■ As against Floyd West & Company, Jones relies on Exception 23, "Corporations and Associations", to V.A.T.S. Art. 1995. We believe and hold that venue may not be retained under the exception because Jones failed to prove that Blackwell's purported "binder" of insurance (by reason of which Jones considered coverage to have been in force and effect) was within the scope of his authority for Floyd West & Company as a principal in agency on the transaction. Certainly the evidence established the liability of Blackwell to Jones in that a duty on his part to afford insurance coverage existed, coupled with a violation or breach on his part. If any duty was proven to have devolved upon Floyd West & Company there was unquestionably a breach. The question, however, is whether Jones proved that a duty was so devolved. On this Jones would be required to sustain the burden of proof, not to establish such by a preponderance of the evidence, but to show that an issue of fact was arisen in the evidence and existed for determination. This Jones was unable to prove. As to rights and liabilities as between a principal and a third person, see 2 Tex.Jur.2d, p. 618 et seq., "Agency", § 173, "(Rights and Liabilities Based on Contract) In general; Liability of principal for acts of agent—Where acts unauthorized", § 176, "—Reliance by other party to contract on agent's representations of authority".

Jones having waived points of error other than those on which we have written, they are not discussed.

Judgment is affirmed.