**Arno HELDT, Roland Heldt, d/b/a Heldt Bros. Tractor Corporation and/or Heldt Brothers Garage, Incorporated, Appellants,**

**v.**

**John W. MARTIN, Appellee.**

**No. 11096.**

Court of Civil Appeals of Texas.

Austin.

May 1, 1963.

Rehearing Denied May 22, 1963.

Lloyd, Lloyd & Dean, Alice, for appellant.

Utter & Chase, Corpus Christi, Robinson, Strawn & Robinson, Raymondville, for appellee.

ARCHER, Chief Justice.

This is an appeal from a judgment of the trial court overruling appellants' plea of privilege.

This suit was filed August 1, 1962, as a common law action for damages for injuries alleged to have been received on or about November 13, 1959, while working for Falco Drilling Company on the substructure of a drilling rig, alleging that the front end of a truck belonging to defendants struck the substructure causing plaintiff to fall a distance of 12 feet, and receiving injuries from such fall and alleging negligence of the defendants.

On August 24, 1962, the defendants filed a plea of privilege to be sued in Jim Wells County and for a transfer of the cause to such county.

A controverting affidavit was filed on August 30, 1962, and a hearing was set for November 8, 1962.

On November 2, 1962, the defendants filed a special exception pointing out that the controverting affidavit, including the petition shows that the cause of action was barred by the two year statute of limitation and, as a matter of law, plaintiff had failed to allege a cause of action maintainable against defendants in Willacy County.

On November 7, 1962, the Texas Employers' Insurance Association filed a plea of intervention and the defendants filed a plea of privilege to the intervention plea seeking to have it transferred to Jim Wells County. No controverting affidavit was filed by intervenor and the only appearances were for

the plaintiff and the defendants on November 8, 1962. Intervenor did file an affidavit controverting the plea of privilege on November 17, 1962, nine days after the date set for a hearing.

During the hearing on the plea of privilege and the controverting affidavit beginning on November 8, 1962, plaintiff took a nonsuit on his cause against Heldt Brothers Tractor Corporation and Heldt Brothers Garage, Incorporated and the hearings were heard with John W. Martin as plaintiff and Arno Heldt and Roland Heldt, both individually and doing business as Heldt Brothers Trucks, as defendants.

On the hearing the plaintiff offered in evidence over the objection of the defendants, his testimony that in a previous case he had recovered Workmen's Compensation from intervenor for his injuries.

On December 13, 1962, the court rendered and signed the judgment overruling the Special Exception of the defendants and overruling the plea of privilege.

The appeal is founded on five points assigned as error and are to the effect that the court erred in overruling the Special Exception because the petition and the controverting affidavit showed on their face that the suit was filed more than three years and eight months after his injuries occurred and was barred by the two year statute of limitation; in considering any evidence that would avoid, toll or suspend the bar of limitation, and finally that neither plaintiff's controverting affidavit nor his petition made a part thereof alleged that he had previously filed suit for and recovered workman's compensation for injuries involved in this case; that the trial court erred in permitting the plaintiff to testify he had filed such a suit and recovered compensation.

Plaintiff seeks to retain venue in Willacy County under Subdivision 9a, Article 1995, Vernon's Ann.Civ.St., based on the asserted negligence of defendants in Willacy County which allegedly caused the injuries complained of.

Appellee's counterpoints are that his petition does not show on its face that it was barred by the two year statute of limitations because limitations within the meaning of Article 5526 did not start running against him within the provisions of Article 8307, Section 6a, V.A.C.S. until May 25, 1962, the date appellee and intervenor settled appellee's compensation suit by judgment; that venue was properly sustained in Willacy County, because the suit was a third party action by appellee and the intervenor within the provisions of Article 8307, Section 6a; that limitations being a matter of law for the court to decide, the court correctly ruled on the pleadings and evidence that venue was in Willacy County within the provisions of Article 1995, Subdivision 9a, the appellee having properly proved all venue facts within such exception to the venue statute; that this being a third party damage suit against appellants within the provisions of Article 8307, Section 6a, the cause was properly brought in the name of John W. Martin; the rights of intervenor are contingent upon the rights of appellee's recovery against appellants, who cannot complain of the relationship existing between appellee and the insurer; and said cause of action being merged in appellee's cause of action as shown by his petition and the pleadings of the insurer.

Appellants' position is that Article 5526 does not start operating as a period of limitations within the provisions of Article 8307, Section 6a, until there has been a final determination of the compensation action.

Appellants have by their special exceptions challenged the sufficiency of appellee's controverting plea and the petition made a part thereof.

We then are concerned with the propriety of the use of a special exception raising the question of limitation in a hearing on a plea of privilege.

The question of limitation is a defensive plea and properly raised on a trial on the merits, and not a proper question on a venue hearing.

Newman v. Texas Farm Products Company, Tex.Civ.App., 346 S.W.2d 151, no writ history; Tex.Jur. Vol. 43–B, Venue, Sec. 152, p. 365; Commercial Standard Insurance Company v. Caylor, Tex.Civ.App., 333 S.W.2d 161, no writ history.

We do not believe that the decision by the Supreme Court in Leonard v. Maxwell, 365 S.W.2d 340, is controlling in this instant cause as it was not decided with regard to special exceptions directed at plaintiff's pleading with regard to limitation, the court held that plaintiff had not properly incorporated the venue facts necessary in his controverting affidavit.

The judgment of the trial court is affirmed.

Affirmed.