**HARRY NEWTON, INC. et al., Appellants,**

v.

**J. C. BROADDUS, Jr., Appellee.**

No. 11123.

Court of Civil Appeals of Texas.

Austin.

Nov. 13, 1963.

Rehearing Denied Dec. 11, 1963.

Jennings, Montgomery & Dies, Graham, for appellants.

No appearance for appellee.

ARCHER, Chief Justice.

This is a plea of privilege case.

J. C. Broaddus, Jr., sued Harry Newton, Inc. and Commonwealth Insurance Company of New York, in the District Court of Milam County, seeking a recovery of $1,323.27 as the balance due for material and services performed on a State of Texas— Texas Highway Department Project known as F–FG 191 (12), Milam County, to W. S. Luckie, Inc., a sub-contractor, and attorney's fees.

We have not been favored with a brief by appellee. The defendants filed pleas of privilege and subject to such, general denials.

The pleas of privilege were controverted and a hearing was had and such pleas were overruled.

The appeal is predicated on two points, to-wit:

"The trial court erred in overruling the pleas of privilege of the appellants inasmuch as there is no evidence to show that the appellee was entitled to the benefits of Article 5160.

"The trial court erred in holding that proof of notices under Article 5160

was not necessary on the theory that such notices were not venue facts."

The allegation of plaintiff's petition and of the controverting plea have been summarized by appellant as follows:

"(a) That defendant-appellant Harry Newton, Inc., was the prime or general contractor on a Texas Highway department road building project in Milam County, Texas, and that the defendant-appellant Commonwealth Insurance Company of New York furnished the payment bond for Newton pursuant to Article 5160 of the Revised Civil Statutes of the State of Texas.

"(b) That Broaddus furnished material and services to W. S. Luckie, Inc., who was a sub-contractor of appellant Newton on the project, and that W. S. Luckie, Inc., had not paid Broaddus for such services.

"(c) That 'by reason of said failure and refusal, plaintiff, on or about the 15th day of January, 1963, by affidavit, notified Harry Newton, Inc., and defendant, Commonwealth Insurance Company of New York, of its claim as aforesaid, said notification being given pursuant to the provisions of Article 5160 et seq., Revised Civil Statutes of the State of Texas, 1925, as amended,' and

"(d) That venue is maintainable in Milam County, Texas, under the provisons of Section G. of said Article 5160, which reads as follows:

" 'All suits instituted under the provisions of this act shall be brought in a court of competent jurisdiction in the county in which the project or work, or any part thereof, is situated.'

"No other exception to the right of exclusive venue in the county of one's residence was raised by the appellee. The truth of the matters concerning residence of the appellants in their pleas of privilege was not controverted

in any particular. Upon the venue hearing counsel for all parties stipulated that the Texas Highway Department project in question was known as a Milam County project; that the work of Broaddus was performed in Milam County, Texas; that Harry Newton, Inc., was the prime or general contractor; and that pursuant to Article 5160, Revised Civil Statutes of Texas, the Commonwealth Insurance Company of New York furnished a payment bond for the project."

Appellee testified that he had a contract with Luckie, a sub-contractor of Newton, Inc., with which concern he had no contract; that his contract for labor and materials was made with Luckie alone, and that he had performed his final work three or four weeks prior to September 28, 1962, the date of the final estimate.

There is no contention that appellee notified appellants of an asserted claim under Article 5160. In fact the evidence is that he did not, and the trial court so found, but concluded that proof of such notice is not necessary because such were not venue facts.

■ The burden was on the plaintiff, appellee, to establish the determinative venue facts. McDonald, Vol. 1, Texas Civil Practice, 417; Leonard v. Maxwell, 365 S.W.2d 340, Supreme Court.

The question of venue facts with regard to Article 5160 appears to be of first impression.

The article is divided into seven major sections numbered A through G. Section A provides for bonds between the prime contractor and the authority ordering construction. Subsection B requires the type of bond involved in this litigation of the prime contractor, for the protection of all claimants supplying labor and material.

Section B deals with the "Rights of persons furnishing labor or material. Notice required." providing that: a claimant who: (1) has furnished labor or material in the

**952**

prosecution of the work, and (2) has not been paid in full therefor, "shall, have the right, if his claim remains unpaid after the expiration of sixty (60) days after the filing of the claim as herein required, to sue the principal and the surety * * *;" provided: (a) notice required has been given, etc.

■ If a claimant cannot prove the conditions (notices) the suit is not instituted under the provisions of the act. General Casualty Company of America v. United States, 5 Cir., 205 F.2d 753.

The judgment of the trial court is reversed and the cause remanded to the trial court with instructions to transfer the cause to the counties of the residence of the appellants.

Reversed and remanded with instructions.

HUGHES, Justice (dissenting).

The only authority cited to sustain the majority opinion is General Casualty Co. of America v. United States, 205 F.2d 753, Circuit Court of Appeals, 5th Circuit (1953). This case is not a venue case, hence its details need not be stated. The Court held that the claim of the United States was for taxes and not "wages" for which reason Art. 5160 V.A.C.S. had no application. The Court, however, made this further statement:

"Further, the appellee did not comply with the provision of Article 5160 of the Civil Statutes of Texas (Footnote 1, supra) with reference to the filing of an itemized sworn claim with the County Clerk of Guadalupe County, Texas. That provision was not a mere statute of limitation, but was a substantive condition precedent to the existence of a cause of action against the surety. See Fidelity & Deposit Co. of Md. v. Big Three Welding Equipment Co., Tex.Sup., 249 S.W.2d 183."

The Big Three case merely holds that a claimant not filing their claims as required by Art. 5160 cannot recover.

These cases construe Art. 5160 prior to its amendment in 1959. I quote the present provisions of this Article which have any bearing on the proper venue of this case:

"B. Every claimant who has furnished labor or material in the prosecution of the work provided for in such contract in which a Payment Bond is furnished as required hereinabove, and who has not been paid in full therefor, shall have the right, if his claim remains unpaid after the expiration of sixty (60) days after the filing of the claim as herein required, to sue the principal and the surety or sureties on the Payment Bond jointly or severally for the amount due on the balance thereof unpaid at the time of filing the claim or of the institution of the suit; provided:

"(a) Notices Required for Unpaid Bills, other than notices solely for Retainages as hereinafter described.

"Such claimant shall have given within ninety (90) days after the 10th day of the month next following each month in which the labor was done or performed, in whole or in part, or material was delivered, in whole or in part, for which such claim is made, written notices of the claim by certified or registered mail, addressed to the prime contractor at his last known business address, or at his residence, and to the surety or sureties, * * *

"(b) Additional Notices Required of Claimants Who Do Not Have a Direct Contractual Relationship With the Prime Contractor.

"Excepting an individual mechanic or laborer who is a claimant for wages, no right of action shall be legally enforceable, nor shall any suit be maintained under any provision of this Act by a claimant not having a direct contractual relationship with any prime contractor for material furnished or labor performed under the provisions of this Act unless such claimant has

complied with those of the following additional requirements which are applicable to the claim: * * *."

Sections (1), (2) and (3) follow in which are stated the circumstances under which 36 day and 45 day notices are to be given.

Sec. (c) provides for 90 day notices for claims of unpaid retainages.

Sec. G, entitled Venue, reads, in part:

"G. All suits instituted under the provisions of this Act shall be brought in a court of competent jurisdiction in the county in which the project or work, or any part thereof, is situated. No suit shall be instituted on the performance bond after the expiration of one (1) year after the date of final completion of such contract. No suit shall be instituted by a claimant on the payment bond after the expiration of one (1) year after the date suit may be brought thereon under the provisions of Section 1.B. hereof."

This suit was brought in the County in which roads were constructed under a contract between Harry Newton Inc. and the State Highway Department. Appellee furnished materials and services to a subcontractor under Newton and he was not paid for them. Appellee alleged in his original petition:

"Repeated demands were made by Plaintiff upon Defendant, Harry Newton, Inc., for the payment of said sum, however, Defendant, Harry Newton, Inc. failed and refused to pay the same or any part thereof. By reason of said failure and refusal, Plaintiff, on or about the 15th day of January, 1963, by Affidavit, notified Harry Newton, Inc. and Defendant, Commonwealth Insurance Co. of New York,

of its claim as aforesaid, said notification being given pursuant to the Provisions of Article 5160, et seq, Revised Civil Statutes of the State of Texas, 1925, as Amended.

"III.

"Plaintiff is advised that Harry Newton, Inc., as prime Contractor, on the aforescribed State of Texas—Texas Highway Department Project furnished a payment Bond in accordance with the requirements of Article 5160, Revised Civil Statutes of the State of Texas, 1925, as Amended, and that such payment Bond was furnished by Commonwealth Insurance Co. of New York and Plaintiff here alleges and claims that said Defendant, Commonwealth Insurance Co. of New York, is liable to Plaintiff by reason of said furnishing of materials as aforesaid."

This petition was filed March 30, 1963.

It is obvious to me that this suit was instituted under the provisions of Art. 5160 and that the mandatory and exclusive venue provisions of that act should control.

Whether or not notices were given in proper time or in proper form are questions which are defensive in nature and are not pertinent to venue hearings. See 43–B Tex.Jur. Venue, Sec. 152, p. 365, Ulmer v. Dunigan Tool and Supply Co., 163 S.W.2d 901, Eastland Civil Appeals.

The record here discloses that notices required by Art. 5160 were not timely given. These statutory provisions are in essence statutes of limitation.[1]

As such, they are, under Rule 94, T.R. C.P., and Heldt v. Martin, 368 S.W.2d 9, Austin Civil Appeals, writ dism., w. o. j., of a purely defensive character.

[1] "Any law which creates a condition of the enforcement of a right to be performed within a fixed time is a statute of limitations." 34 Am.Jur., Limitations of Actions, p. 15, footnote 1, citing Hay v. City of Baraboo, 127 Wis. 1, 105 N.W. 654, 3 L.R.A.,N.S., 84, 115 Am.St.Rep. 977.

954

The fact that Art. 5160 provides that a claimant shall have the right to sue the principal and surety on a payment bond "provided" he has given certain notices within prescribed times or that it states that "no right of action shall be legally enforceable, nor shall any suit be maintained under any provision of this Act" unless certain other notices are timely given does not alter their defensive nature. Most limitation statutes prohibit the bringing of a cause of action after a stated period of time. Arts. 5524, 5526, 5527, V.A.C.S. are examples. Art. 5472b–1, V.A.C.S., provides, in part, that "no action shall be brought on such bond" (bond for release of lien fixed by Art. 5472a) after the expiration of six months from its date of filing. No stronger prohibitory language could be used yet it is nothing but a statute of limitations. Employers' Liability Assurance Corp., Ltd. v. Young County Lbr. Co., 122 Tex. 647, 64 S.W.2d 339.

That a suit cannot be brought or maintained or successfully brought or maintained are matters which go to the merits of the controversy. They are not matters which relate to venue under Art. 5160 which only requires a showing that the suit be instituted under its provisions.

The venue of actions is of utmost importance. The Legislature has clearly indicated that laborers and materialmen should have the right to bring and prosecute suits of this nature in the County where the labor was performed or the materials furnished were used.

In spite of this exclusive, mandatory and plain statutory language fixing the venue of suits brought on bonds given to comply with Art. 5160, the majority has converted this small and relatively simple suit from one trial in Milam County where the road was built, as the Legislature directed, into three trials, one on venue in Milam County, one on the merits in Dallas County and one on the merits in Young County. To this action, I respectfully dissent.