340 F.2d 117
 Cecil NICKELL, d/b/a Cecil Nickell Construction Company, and
United Benefit Fire Insurance Company of Omaha,
Nebraska, Appellants,
v.
UNITED STATES of America for the use and benefit of TEXAS
VITRIFIED PIPE COMPANY, Appellee.
Cecil NICKELL, d/b/a Cecil Nickell Construction Company, and
United Benefit Fire Insurance Company of Omaha,
Nebraska, Appellants,
v.
UNITED STATES of America for the use and benefit of TEX-VIT
MANUFACTURING COMPANY, Appellee.
 Nos. 7689, 7690.
 United States Court of Appeals Tenth Circuit.
 Jan. 12, 1965.
 
 Paul A. Phillips, Albuquerque, N.M., for appellants.
 Lon Sailers, of Turner, Rodgers, Winn, Scurlock & Terry, Dallas, Tex. (Olson & Harris, Albuquerque, N.M., on the brief), for appellee.
 Before LEWIS, BREITENSTEIN and HILL, Circuit Judges.
 HILL, Circuit Judge.
 
 
 1
 These actions were brought under the provisions of the Miller Act, 40 U.S.C.A. 270a et seq., by unpaid materialmen against a contractor and his surety to recover for materials furnished to the contractor. The appeals are from judgments in favor of the unpaid materialmen and against the contractor and his surety.
 
 
 2
 On March 23, 1961, the appellant, Nickell, entered into a contract with the United States Government which provided for the construction by him of sewer facilities on the Zuni Indian Reservation in New Mexico. On the same date Nickell, as principal, and the appellant, United Benefit Fire Insurance Company (United), as surety, executed a standard government form of payment bond to the United States pursuant to the provisions of 40 U.S.C.A. 270a and, also, a standard government performance bond. The bonds were accepted and the contract was awarded to Nickell.
 
 
 3
 Subsequent to May 1, 1961, the appellees, Texas Vitrified Pipe Company and Tex-Vit Manufacturing Company, commenced to furnish material to Nickell which he used in constructing the sewer facilities. From that date until December 1, 1961, the appellees furnished material in the total sum of $44,892.44. Nickell was unable to pay for the material and after appellees' demand upon Nickell and United was refused, the instant actions were commenced.
 
 
 4
 As a defense to the suits, appellants alleged that the Internal Revenue Service had levied upon the proceeds due under the construction contract, for federal taxes owed by Nickell; that the Government honored the levy and refused to pay those proceeds either to Nickell or United; that United's performance bond was intended to pay for labor and materials only and did not contemplate the payment by the surety of Nickell's back taxes; that the use of the contract proceeds to pay the taxes would require the surety to pay them; and that the Government owed a sufficient amount of money on the contract which it should be required to pay either to United or to the appellees. Appellants prayed for an order dismissing the complaint.
 
 
 5
 The lower court in entering judgment for the appellees found and determined that the materials had been furnished to Nickell and used by him in the project; that the amounts claimed were due and owing to appellees and they should have judgment against Nickell and United for those amounts; and that the defense asserted by appellants was '* * * insufficient in Law.' The sole issue on this appeal is whether the levy by the Government upon the funds due under the contract, to pay the contractor's back taxes, is a defense to an action on the bond by unpaid materialmen.
 
 
 6
 This court has held that claims for taxes are not labor and material within the meaning of the ordinary Miller Act bond and therefore the Government cannot recover on the bond from the surety for the contractor's unpaid taxes. United States v. Zschach Const. Co., 10 Cir., 209 F.2d 347; United States Fidelity & Guaranty Co. v. United States, 10 Cir., 201 F.2d 118. Other circuits have held likewise. United States v. Maryland Casualty Company, 5 Cir., 323 F.2d 473; United States v. Crosland Construction Company, 4 Cir., 217 F.2d 275. But that rule is not applicable here. The cases at bar are not actions by the Government to recover unpaid taxes from the contractor's surety. Rather, they are actions by unpaid materialmen to recover on the bond for materials furnished to, and used by, the contractor in performing his contract. As unpaid materialmen, appellees come within the classification of persons protected by the Act. 'The Miller Act represents a congressional effort to protect persons supplying labor and material for the construction of federal public buildings in lieu of the protection they might receive under state statutes with respect to the construction of nonfederal buildings. The essence of its policy is to provide a surety who, by force of the Act, must make good the obligations of a defaulting contractor to his suppliers of labor and material. * * *' United States for Benefit and on Behalf of Sherman v. Carter, 353 U.S. 210, 216, 217, 77 S.Ct. 793, 1 L.Ed.2d 776, 797. And, see T. F. Scholes, Inc. v. United States for Use of H. W. Moore, etc., Co., 10 Cir., 295 F.2d 366. To hold that appellees are not entitled to recover from the contractor and his surety in these cases would frustrate and nullify the express terms and plain purpose of the Act.
 
 
 7
 The questions of whether the Government had the right to set-off the proceeds due on the contract against the contractor's tax liability under the rule of United States v. Munsey Trust Co., 332 U.S. 234, 67 S.Ct. 1599, 91 L.Ed. 2022, and whether Munsey is overruled in that respect by Pearlman v. Reliance Ins. Co., 371 U.S. 132, 83 S.Ct. 232, 9 L.Ed.2d 190, are not involved in these cases. No claim is being made upon the Government for funds due under the contract but withheld by it. The contest here is simply between unpaid materialmen and the contractor and his surety. We therefore express no opinion on those questions.
 
 
 8
 We conclude that the defense asserted by appellants has no application in the cases at bar and that appellees are entitled to recover for the materials furnished and used in the project.
 
 
 9
 Affirmed.