**HOUSTON GENERAL LLOYDS INSURANCE COMPANY, Appellant,**

v.

**T. C. STRICKLIN, Appellee.**

No. 18860.

Court of Civil Appeals of Texas, Dallas.

May 20, 1976.

Rehearing Denied June 17, 1976.

John H. McBryde, McBryde, Bogle & Green, Fort Worth, for appellant.

Robert H. Mow, Jr., Carrington, Coleman, Sloman, Johnson & Blumenthal, Dallas, for appellee.

AKIN, Justice.

This is a venue case in which plaintiff seeks to maintain venue in Dallas County pursuant to the provisions of Tex.Rev.Civ. Stat.Ann. art. 1995(28) (Vernon 1964). T. C. Stricklin sued Houston General Lloyds Insurance Company for damages resulting from a fire loss to an apartment building upon which defendant had issued a fire and extended coverage policy. At the time of issuance of the policy, plaintiff was the owner of a deed of trust lien secured by the property. On September 24, 1974, the fire occurred, and plaintiff, as mortgagee of the property, repaired the damage. After the fire, plaintiff foreclosed the lien and purchased the property. Then plaintiff made

demand upon defendant for payment of benefits under the policy. Defendant rejected the claim because plaintiff was not the policyholder nor was he a beneficiary under the loss payable clause. Plaintiff subsequently filed suit and defendant filed its plea of privilege to be sued in Tarrant County, its principal place of business. Plaintiff controverted the plea, asserting subdivision 28 of the venue statute. After a hearing, the trial court overruled the plea and defendant appealed. We affirm.

Tex.Rev.Civ.Stat.Ann. art. 1995(28) (Vernon 1964) states:

> *Suits against fire, marine or inland insurance companies may also be commenced in any county in which the insured property was situated.* Suits on policies may be brought against any life insurance company, or accident insurance company, or life and accident, or health and accident, or life, health and accident insurance company, in the county where the home office of such company is located, or in the county where loss has occurred or where the policyholder or beneficiary instituting such suit resides. [Emphasis added.]

■ Defendant's principal contention is that since plaintiff was not the policyholder or a beneficiary under the policy, subdivision 28 does not apply. We cannot agree. When a plaintiff controverts a plea of privilege under the first sentence of subdivision 28, he has a two-point burden: (1) That the company is a fire, marine or inland insurance company, and (2) that the property alleged to be insured was situated in the county where the suit was initiated. *Toth v. United States Fire Insurance Co.,* 517 S.W.2d 918, 920 (Tex.Civ.App.-Waco 1974, no writ); *Commercial Standard Insurance Co. v. Caylor,* 333 S.W.2d 161, 163 (Tex.Civ. App.-Austin 1960, no writ); *McKinney v. Calvert Fire Insurance Co.,* 257 S.W.2d 452, 453 (Tex.Civ.App.-Eastland 1953, no writ); and *Continental County Mutual Insurance Co. v. Maddox,* 232 S.W.2d 894, 896 (Tex. Civ.App.-Beaumont 1950, no writ). It was alleged and established at the hearing that defendant is a Lloyds insurance company doing business in Texas that issues policies of fire insurance and that the property in question was situated in Dallas County and was damaged by fire.

■ In support of its contention that plaintiff must be a policyholder or beneficiary, defendant cites *National Life Company v. Rice,* 140 Tex. 315, 167 S.W.2d 1021 (1943); *Jones v. Citizens Casualty Co.,* 366 S.W.2d 265 (Tex.Civ.App.-Fort Worth 1963, no writ); and *Southern Farm Bureau Casualty Insurance Co. v. Powell,* 414 S.W.2d 770 (Tex.Civ.App.-Corpus Christi 1967, no writ). None of these cases is in point because each addresses the second sentence of subdivision 28 which pertains to life, health and accident insurance companies rather than fire, marine or inland insurance companies. These cases all stand for the proposition that, under the second sentence of subdivision 28, plaintiff must prove that he is a policyholder in order to maintain venue under that part of subdivision 28. No such requirement, however, is necessary in order to maintain venue under the first sentence of subdivision 28.

Affirmed.